1  ROB BONTA
   Attorney General of California
2  MARISA KIRSCHENBAUER
   Supervising Deputy Attorney General
3  REBECCA BRANDEL
   Deputy Attorney General
4  State Bar No. 334123
    455 Golden Gate Avenue, Suite 11000
5    San Francisco, CA  94102-7004
    Telephone:  (415) 510-3557
6    Fax:  (415) 703-5843
    E-mail:  Rebecca.Brandel@doj.ca.gov
7  *Attorneys for Defendants*
   *State of California, California Department of*
8  *Corrections and Rehabilitation, California*
   *Rehabilitation Center, I. Villegas, M. Marlatt, R.*
9  *Hernandez and J. Shafer*

10             IN THE UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12                     RIVERSIDE DIVISION

13

14

15 | **RONNIE D. MIXON,** | Case No. 5:23-cv-2345 |
   | | |
16 | Plaintiff, | **NOTICE OF REMOVAL OF ACTION (28 U.S.C. § 1441(a), (c))** |
17 | **v.** | Action Filed: 8/22/2023 |
18 | **STATE OF CALIFORNIA, et al.,** | [Removed from the Superior Court of California, County of Riverside, Case No. CVRI2304360] |
19 | Defendants. | |

20

21      **TO THE CLERK OF COURT:**

22      **PLEASE TAKE NOTICE** that Defendants State of California, California

23  Department of Corrections and Rehabilitation, California Rehabilitation Center, M.

24  Marlatt, R. Hernandez, I. Villegas, and J. Shafer remove this action from the

25  Superior Court of the State of California, County of Riverside, to the United States

26  District Court for the Central District of California, under 28 U.S.C. §§ 1441(a),

27  (c), and 1446.  Removal is based on the original jurisdiction of the district court

28

1  under 28 U.S.C. § 1331, as well as on supplemental jurisdiction under U.S.C. §§
2  1441(c) as follows:

3  **STATEMENT OF JURISDICTION**

4      1.    This Court has original jurisdiction over "all civil actions arising under
5  the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  This
6  civil action involves claims brought under 42 U.S.C. § 1983, alleging violations of
7  the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution,
8  and therefore this Court has original, federal-question jurisdiction over those
9  claims.

10     2.    This Court has supplemental jurisdiction over "all other claims that are so
11  related to claims in the action within such original jurisdiction that they form part of
12  the same case or controversy under Article III of the United States Constitution."
13  28 U.S.C. § 1367(a).  This civil action also involves California state law tort
14  claims—which arise out of the same controversy as Plaintiff's federal claims—and
15  therefore this Court has supplemental jurisdiction over those claims.

16  **VENUE**

17     3.    Venue is proper in the Eastern Division of the United States District
18  Court for the Central District of California, because Plaintiff filed his Complaint in
19  the Superior Court of the State of California, County of Riverside.  28 U.S.C. §
20  1446(a).

21  **PLEADINGS AND PROCESS**

22     4.    On August 22, 2023, Plaintiff Ronnie Mixon filed a Complaint in the
23  Superior Court of California, County of Riverside, which alleged, among other
24  things, violations of the Fourth, Eighth and Fourteenth Amendments of the United
25  States Constitution, based upon allegations that Defendants used excessive force
26  against Mixon, raided his belongings, and denied him timely medical care.  A true
27  and correct copy of the Complaint is attached as **Exhibit A**.

28

**TIMELINESS OF REMOVAL**

5.     Defendants the State of California and California Department of Corrections and Rehabilitation were personally served on October 17, 2023. Defendant California Rehabilitation Center was personally served on October 20, 2023.  Defendants M. Marlatt, R. Hernandez, I. Villegas and J. Shafer were served by substituted service on October 27, 2023.  This Notice of Removal is timely filed within thirty days of the date Defendants were served with the Summons and Complaint.  28 U.S.C. § 1446(b).

**BASIS FOR REMOVAL**

6.     Federal-question jurisdiction exists when a federal question is presented on the face of a plaintiff's complaint.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Here, federal-question jurisdiction exists under 28 U.S.C. § 1331 because Plaintiff brings claims under 42 U.S.C. § 1983, alleging violations of his rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.  (*See* Exh. A.)

**ALL SERVED PARTIES CONSENT TO REMOVAL**

7.     Defendants State of California, California Department of Corrections and Rehabilitation, California Rehabilitation Center, M. Marlatt, R. Hernandez, I. Villegas, and J. Shafer, who file this Notice of Removal, consent to removal of this action.  There are no other named and served Defendants.

8.     As the only named and served defendants in this action at the time of this filing, Defendants need not obtain the joinder or consent of any other party to comply with 28 U.S.C. § 1446(b)(2)(B).

**PAPERS FROM REMOVED ACTION**

9.     In accordance with 28 U.S.C. § 1446(a), copies of "all process, pleadings, and orders served upon" Defendants in the removed action are attached as **Exhibits A** (the complaint)**, B** (proofs of service), and **C** (court notices).

1

**NOTICE TO ADVERSE PARTIES AND STATE COURT**

2      10.   In accordance with 28 U.S.C. § 1446(d), Defendants will promptly

3    provide written notice of removal to all adverse parties and will promptly file a

4    copy of this Notice of Removal with the Clerk of the Superior Court of California,

5    County of Riverside.

6

**DEMAND FOR JURY TRIAL**

7      11.   In accordance with Federal Rule of Civil Procedure 38(b) and Local Rule

8    38-2, Defendants demand a trial by jury in this action.

9

10   Dated:  November 16, 2023              Respectfully submitted,

11                                          ROB BONTA
                                            Attorney General of California
                                            MARISA KIRSCHENBAUER
12                                          Supervising Deputy Attorney General

13

14                                          */s/ Rebecca Brandel*

15                                          REBECCA BRANDEL
                                            Deputy Attorney General
16                                          *Attorneys for Defendants*
                                            *State of California, California*
17                                          *Department of Corrections and*
                                            *Rehabilitation, California*
18                                          *Rehabilitation Center, I. Villegas, M.*
                                            *Marlatt, R. Hernandez and J. Shafer*

19   LA2023402393
     43957920.docx
20

21

22

23

24

25

26

27

28

4

# 1a.Exhibit A

Electronically FILED by Superior Court of California, County of Riverside on 08/22/2023 10:51 AM
Case Number CVRI2304360 0000067849022 - Jason B. Galkin, Executive Officer/Clerk of the Court By Joanna Bishop, Clerk

Yana G. Henriks, Esq. (SBN 250638)
*yhenriks@law-mh.com*
**McMURRAY HENRIKS, LLP**
811 Wilshire Blvd., Suite 1640
Los Angeles, California 90017
Telephone: (323) 931-6200
Facsimile: (323) 931-9521

*Attorneys for Plaintiff*
*RONNIE D. MIXON*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF RIVERSIDE**

| | |
|---|---|
| RONNIE D. MIXON, an individual, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF CALIFORNIA, a California public entity; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, a California public entity; CALIFORNIA REHABILITATION CENTER, a California public entity; CORRECTIONAL SERGEANT J. SHAFER, an individual; CORRECTIONAL OFFICER M. MARLATT, an individual; CORRECTIONAL OFFICER HERNANDEZ, an individual; CORRECTIONAL OFFICER VILLEGAS, an individual; and DOES 1-40, inclusive. <br><br> Defendants. | Case No.:  CVRI2304360 <br><br> **COMPLAINT FOR DAMAGES:** <br><br> 1. **Excessive Force 42 U.S.C. § 1983;** <br> 2. **Excessive Force,** *Monell* <br> 3. **Denial of Medical Care 42 U.S.C. § 1983;** <br> 4. **Failure To Summon Medical Care Cal. Gov. Code § 845.6** <br> 5. **Denial of Medical Care,** *Monell* <br> 6. **Violation of Due Process 42 U.S.C. §1983;** <br> 7. **Battery;** <br> 8. **Assault;** <br> 9. **Negligence;** <br> 10. **Negligent Hiring, Training, Supervision, Discipline, and/or Retention,** *Monell*; <br> 11. **Failure to Properly Train, Supervise and Discipline,** *Monell*; <br> 12. **Ratification,** *Monell;* <br> 13. **Unconstitutional Policy,** *Monell;* |

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

1

14. **Violation of the Bane Act (Civil Code §52.1); and**
15. **Intentional Infliction of Emotional Distress;**

**DEMAND FOR JURY TRIAL**

Plaintiff, RONNIE D. MIXON, an individual ("Plaintiff") alleges as follows:

## INTRODUCTORY STATEMENT

This is a civil rights action against the State of California, the California Department of Corrections and Rehabilitation, the California Rehabilitation Center, and individual officers and sergeants thereof, for violating various rights under the United States Constitution and California state law in connection with the unlawful beating and excessive use of force against Ronnie D. Mixon on or around February 28, 2022.

On or around February 28, 2022, California Department of Corrections and Rehabilitation ("CDCR") officers and sergeants used unlawful excessive force against Plaintiff Mixon after he had returned to his cell following an infirmary visit. CDCR officers raided his personal belongings, and upon Mr. Mixon's protesting that they leave his things alone, he was pepper sprayed, beaten, and suffered several fractures to his head.  Mr. Mixon complied with all demands and did not provoke or physically touch any of the officers nor constitute any reasonable threat.

## VENUE AND JURISDICTION

1.      Jurisdiction and venue in this county and division is proper because the events giving rise to each and every of the following causes of action, which are described within this Complaint herein, occurred in this judicial district in the State of California. Furthermore, the relief sought through this Court is within the jurisdiction of this Court because the damages exceed $25,000.00.

## PARTIES

2.      PLAINTIFF RONNIE D. MIXON is and was at all times relevant herein, an individual residing in the state of California.  At the time of the events

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

giving rise to this action on or around February 28, 2022, PLAINTIFF was residing in the physical custody of Defendants at the California Rehabilitation Center ("CRC") in Norco, California, County of Riverside, California.

3.      Defendant STATE OF CALIFORNIA (herein "STATE") is and at all times was a public entity existing under and by virtue of the laws of the State of California, and operating within the County of Riverside California, by and through the CRC and Defendant CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION.

4.      Defendant CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION ("CDCR") is and at all times was a public entity and agency of Defendant STATE existing under and by virtue of the laws of the State of California and operating within the County of Riverside, California, by and through the CRC.

5.      Defendant CALIFORNIA REHABILITATION CENTER ("CRC") is and at all times was a public entity and agency of Defendant STATE and CDCR existing under and by virtue of the laws of the State of California and operating within the County of Riverside, California.

6.      Upon information and belief, Defendants CORRECTIONAL SERGEANT J. SHAFER ("SHAFER"), CORRECTIONAL OFFICER M. MARLATT ("MARLATT"), CORRECTIONAL OFFICER HERNANDEZ ("HERNANDEZ"), and CORRECTIONAL OFFICER VILLEGAS ("VILLEGAS") (collectively with DOES 1-20, "INDIVIDUAL DEFENDANTS"), are and at all pertinent times were, individuals and corrections personnel employed by Defendants STATE and CDCR by and through the CRC.  Upon information and belief, Defendants SHAFER, MARLATT, HERNANDEZ, and VILLEGAS are and at all pertinent times were residing in the County of Riverside, California.

7.      Defendants DOES 1-20, inclusive, are any and all individuals whose true full names and capacities are unknown or not fully known to PLAINTIFF, who

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

1  sues such defendants by the fictitious name "Doe" until such time as they can be

2  identified so that he can amend his pleading.  PLAINTIFF is informed and believes

3  and thereon alleges that each of said fictitiously named defendants is an employee,

4  official, or agent of Defendants STATE, CDCR, and CRC, and is responsible in

5  some manner for the occurrences herein alleged and that PLAINTIFF'S damages

6  as herein alleged were proximately caused by such defendants.

7      8.    In doing the acts alleged in this Complaint, INDIVIDUAL

8  DEFENDANTS were acting under the color of statutes, ordinances, regulations,

9  customs, laws, and usages of Defendants STATE, CDCR, and CRC and under the

10  authority of their respective offices and pursuant to the course and scope of their

11  employment at the CRC.

12      9.    The true names and/or capacities, whether individual, corporate,

13  associate or otherwise of Defendants DOES 21-40, inclusive, and each of them, are

14  unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.

15  Defendants Does 21 through 40 were entities, organizations, and/or agents of

16  Defendants STATE, CDCR, and CRC.  At all times relevant hereto, these

17  defendants were acting in their professional capacity within the course and scope of

18  their agency and/or employment, and/or were the agents, servants and employees

19  of each other and were acting at all times within the full course and scope of their

20  agency and employment, with the full knowledge and consent, either expressed or

21  implied, of their principal and/or employer.

22      10.    At all times relevant herein, each Defendant named herein including

23  all fictitiously named defendants Does 1 through 40, herein was an owner, employer

24  either individually or jointly with others, agent, partner, joint-venturer,

25  representative, servant, employee and/or coconspirator of each of the other

26  Defendants, and was at all times mentioned herein acting within the course and

27  scope of said agency and employment, and that all acts or omissions alleged herein

28  were duly committed with the ratification, knowledge, permission, encouragement,

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

1    authorization and consent of each Defendants designated herein.

2        11.    Defendants, and each of them, were the agents, employees and

3    servants of each other and were acting at all times within the full course and scope

4    of their agency and employment, with the full knowledge and consent, either

5    expressed or implied, of their principal and/or employer and each of the other named

6    Defendants, and each of the Defendants had approved or ratified the actions of the

7    other Defendants thereby making all named Defendants herein liable for the acts

8    and/or omissions of their agents, servants and/or employees.

9        12.    Plaintiff will amend this Complaint to allege such Defendants' true

10    names and capacities when the same have been ascertained. Plaintiff is informed

11    and believes and thereon alleges that each of the fictitiously named Defendants is

12    responsible in some manner for the acts and occurrences herein alleged, whether

13    such acts and occurrences were committed intentionally, negligently, recklessly or

14    otherwise and that each said DOE defendant is liable to Plaintiff for the damages

15    claimed herein. Plaintiff is informed and believes and thereupon alleges that each

16    of the Defendants herein fictitiously named as a DOE is legally responsible,

17    negligently or in some other actionable manner, for the events and happenings

18    hereinafter referred, and therefore, proximately caused the injuries and damages to

19    Plaintiff as herein alleged.

20        13.    On August 19, 2022, Plaintiff presented Defendants STATE, CDCR,

21    and CRC with Claims for Damages sustained as a result of the incident described

22    in this Complaint, and apprising Defendants of the substance of the claims asserted

23    herein, pursuant to California Government Code §§ 905, 910, *et seq.*, which claims

24    were each denied by Defendants STATE, CDCR, and CRC within six months prior

25    to the filing of this action. Plaintiff has exhausted all administrative remedies and

26    the current action is being timely filed within the statute of limitations.

27    ///

28    ///

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

**FACTS SHARED BY ALL CAUSES OF ACTION**

14. Plaintiff repeats and re-alleges all prior paragraphs of this Complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

15. While an inmate at the CRC, Plaintiff was part of the Correctional Clinical Case Management System with needs requiring ongoing doctor care.

16. As a result of prior eye surgeries, Plaintiff suffered (and continues to suffer) from cloudy vision impairing his ability to see, read, and write.

17. On or around February 28, 2022, Plaintiff had tripped over a bench in the day room due to his vision problems and was brought to the infirmary.

18. Upon Plaintiff's return to his cell, all of his personal belongings were raided, bagged, and removed by CRC Correctional Officers, including MARLATT. Plaintiff protested this confiscation and was told that a pair of scissors had gone missing from the infirmary.

19. The Correctional Officers did not find any scissors in Plaintiff's cell, and upon information and belief the scissors were found in the nurse's chair in the infirmary.

20. When Plaintiff went to collect his personal belongings, MARLATT was in the same area, activated an alarm device, unholstered her pepper spray, and sprayed Plaintiff while he was bent over to collect his things. Plaintiff did not provoke or threaten MARLATT and was not a threat to her safety.

21. In serious pain, Plaintiff laid down in the prone position when HERNANDEZ, VILLEGAS, and SHAFER responded to the alarm.

22. HERNANDEZ, VILLEGAS, and SHAFER forcefully and violently handcuffed Plaintiff, who was still reeling from the pepper spray, pinned him against a wall, violently beat him, and slammed his head against the wall multiple times. Plaintiff did not provoke or threaten HERNANDEZ, VILLEGAS, or SHAFER nor resist their efforts to detain him, as he was still in significant pain and

MCMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

1    unable to see.

2    23.    As a result of this unprovoked use of force, Plaintiff sustained serious

3    physical injuries, including fractures to his skull, eye socket, and nose cavity,

4    requiring medical treatment and causing lasting effects, as well as emotional and

5    mental injury with lasting effects.

6    24.    Plaintiff was brought back to his cell and "left for dead" overnight

7    other than coming in at midnight to see if he was still breathing. On March 1, 2022,

8    Plaintiff was finally brought to Riverside University Medical Center.

9    25.    Following this incident, Plaintiff attempted to complete and submit

10    grievances for this conduct but had extreme difficulty due to his limitations in vision

11    and writing.

12    26.    Further, after this incident Plaintiff was moved cells multiple times and

13    his personal belongings continued to be searched and confiscated, including his

14    grievance documents.

15    27.    As a direct and proximate result of the actions by INDIVIDUAL

16    DEFENDANTS on February 28, 2022, Plaintiff has sustained economic damages

17    and non-economic damages including but not limited to physical pain and suffering,

18    medical expenses, loss of wages and/or loss of earning capacity, severe mental

19    anguish, emotional distress, worry, fear and anxiety, difficulty sleeping, tearfulness

20    and anger as a result of the improper and reckless acts of the public entities named

21    herein and/or their employees, agents, servants, and representatives.

22    28.    At all times relevant hereto, Defendants STATE, CDCR, CRC, and

23    DOES 21-40 were responsible for the training of all INDIVIDUAL

24    DEFENDANTS regarding the proper use of force, and interactions with inmates.

25    INDIVIDUAL DEFENDANTS were trained by Defendants STATE, CDCR, CRC,

26    and DOES 21-40, at the direction, special insistence, and under the control of

27    Defendants STATE, CDCR, CRC, and DOES 21-40 in accordance with the statutes,

28    ordinances, regulations, customs, and usages of the State of California. Defendants

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

1   STATE, CDCR, CRC, and DOES 21-40 were also responsible for enforcing the

2   regulations of the CDCR and CRC, and for ensuring that corrections personnel of

3   the CRC obeyed the laws of the State of California and the United States of

4   America.

5     29. Defendants STATE, CDCR, CRC, and DOES 21-40, by and through

6   their supervisory employees and officials, have been on notice through complaints,

7   both formal and informal, through the inquiries and investigations of state and

8   national governmental regulators, and through local and national news reports, that

9   its corrections officers have repeatedly engaged in a pattern and practice of

10   purposefully abridging the rights, constitutional and otherwise, of persons within

11   their jurisdiction. Despite such notice, the STATE, CDCR, CRC, and DOES 21-40,

12   and each of them, demonstrated deliberate indifference to this pattern and practice

13   of violations of rights by failing to take necessary, appropriate, or adequate

14   measures to ensure the cessation of such conduct. This deliberate indifference of

15   the Defendants amounts to an informal policy or custom, and ratification, said

16   policy or custom ratified being another proximate cause of the injury to Plaintiff.

**FIRST CAUSE OF ACTION**

**EXCESSIVE FORCE, 42 U.S.C. § 1983**

**(Against Defendants SHAFER, MARLATT, HERNANDEZ, VILLEGAS,**

**and DOES 1-20)**

21     54. Plaintiff re-alleges and incorporates by reference each and every

22   allegation contained in this complaint as though set forth herein in full.

23     55. Mr. MIXON had a clearly established right under the Fourth

24   Amendment to be free from official infliction of excessive force.

25     56. Mr. MIXON did not provoke, threaten, touch, or resist INDIVIDUAL

26   DEFENDANTS.

27     57. Mr. MIXON complied with all INDIVIDUAL DEFENDANTS'

28   commands.

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

58. Mr. MIXON did not act erratically or make any threatening gestures or movements. Mr. MIXON was not armed or displaying any type of weapon.

59. Mr. MIXON posed no threat to Defendants SHAFER, MARLATT, HERNANDEZ, VILLEGAS, and DOES 1-20 when they attacked Mr. MIXON by pepper spraying him, forcefully and violently handcuffing him, pushing him against a wall and beating him and slamming his head against the wall. Mr. MIXON was clearly complying with all INDIVIDUAL DEFENDANTS' commands and did not pose a threat, thereby constituting excessive force.

60. As a result, the use of excessive force was objectively unreasonable under the totality of the circumstances. The excessive force used was also performed with a deliberate indifference to the safety and welfare of Mr. MIXON. Defendants' actions thus deprived Mr. MIXON of his right to be free from the use of excessive force by law enforcement and secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment of the United States Constitution.

61. DOES 1-20 did not intervene to protect Mr. MIXON despite witnessing the excessive force employed by SHAFER, MARLATT, HERNANDEZ, VILLEGAS, and/or other DOE corrections personnel. They were able to intervene to halt this unconstitutional conduct. Their refusal to intervene violated their constitutional and moral duty to protect and serve the public.

62. At all times herein, Defendants SHAFER, MARLATT, HERNANDEZ, VILLEGAS, and DOES 1-20 were acting within the course and scope of their employment as corrections officers and sergeants within CRC.

63. Defendants SHAFER, MARLATT, HERNANDEZ, VILLEGAS, and DOES 1-20 acted under color of law and knew that placing hands on Mr. MIXON without justification in these circumstances constituted the use of excessive force under clearly established law.

64. The conduct alleged herein caused Mr. MIXON to be deprived of his

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

civil rights that are protected under the United States Constitution, California Constitution, and federal and state laws. The actions of Defendants SHAFER, MARLATT, HERNANDEZ, VILLEGAS, and DOES 1-20 have legally, proximately, foreseeably, and actually caused Mr. MIXON to suffer physical injury, emotional distress, pain and suffering, unjust deprivation of his liberty and freedom, and further general and special damages according to proof at the time of trial.

65.    As a further result of the foregoing, Plaintiff is entitled to recover reasonable costs and attorney fees under 42 U.S.C. § 1988.

66.    In committing the acts described above, Plaintiff is informed and believes Defendants SHAFER, MARLATT, HERNANDEZ, VILLEGAS, and DOES 1-20 acted with oppression, fraud, or malice, entitling Plaintiff to an award of punitive damages under 42 U.S.C. § 1983 and California Code of Civil Procedure § 337.34 against Defendants SHAFER, MARLATT, HERNANDEZ, VILLEGAS, and DOES 1-20 in an amount according to proof at time of trial.

## SECOND CAUSE OF ACTION

### EXCESSIVE FORCE, 42 U.S.C. § 1983, *MONELL*

### (Against Defendants STATE, CDCR, CRC, and DOES 21-40)

54.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint as though set forth herein in full.

55.    INDIVIDUAL DEFENDANTS employed excessive force against Mr. MIXON.

56.    Defendants STATE, CDCR, CRC, and DOES 21-40 maintain an unconstitutional custom, policy, or practice, within the meaning of *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978) ("*Monell*") of employing excessive force, and depriving persons of life, liberty, and property.

57.    Defendants either knew or had constructive knowledge that they should train their corrections personnel to follow all laws governing inmate

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

1   conduct, detentions, and use of force.

2       58.    By perpetrating, sanctioning, tolerating, and ratifying the conduct and

3   other wrongful acts of INDIVIDUAL DEFENDANTS, Defendants acted with an

4   intentional, reckless, and callous disregard for the constitutional and human rights

5   of Mr. MIXON.

6       59.    The conduct alleged herein violated Mr. MIXON's rights alleged

7   above which has legally, proximately, foreseeably, and actually caused Plaintiff to

8   suffer general and special damages according to proof at the time of trial.

9       60.    Plaintiff is also entitled to recover reasonable costs and attorney fees

10  under 42 U.S.C. § 1988.

11      61.    In committing the acts described above, Plaintiff is informed and

12  believes INDIVIDUAL DEFENDANTS, STATE, CDCR, CRC, and DOES 21-40

13  acted with oppression, fraud, or malice, entitling Plaintiff to an award of punitive

14  damages against INDIVIDUAL DEFENDANTS in an amount according to proof

15  at time of trial.

16              **THIRD CAUSE OF ACTION**

17       **DENIAL OF MEDICAL CARE, 42 U.S.C. § 1983**

18  **(Against Defendants SHAFER, MARLATT, HERNANDEZ, VILLEGAS,**

19                  **and DOES 1-20)**

20      62.    Plaintiff re-alleges and incorporates by reference each and every

21  allegation contained in this complaint as though set forth herein in full.

22      63.    The Fourth Amendment of the United States Constitution requires law

23  enforcement and custodial officers to provide reasonable post-use of force incident

24  care and to promptly summon medical care.  The Fourteenth Amendment of the

25  United States Constitution requires law enforcement and custodial officers to not

26  be deliberately indifferent to the serious medical needs of inmates. The denial or

27  delay of medical care in violation of the right to prompt medical care as guaranteed

28

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

1  under the Fourth Amendment to the United States Constitution is applied to state

2  actors by the Fourteenth Amendment.

3      64.    Defendants SHAFER, MARLATT, HERNANDEZ, VILLEGAS, and

4  DOES 1-20 failed to bring Plaintiff to a hospital for examination and medical

5  treatment until the following day after they had pepper sprayed him, forcefully and

6  violently handcuffed him, pushed him against a wall and beat him and slammed his

7  head against the wall to the point of causing multiple skull fractures.

8      65.    Though   Defendants   SHAFER,   MARLATT,   HERNANDEZ,

9  VILLEGAS, and DOES 1-20 knew that Mr. MIXON exhibited signs of a serious

10  medical need including bleeding and bruising of his body and face and therefore

11  faced a substantial risk of serious harm, Defendants SHAFER, MARLATT,

12  HERNANDEZ, VILLEGAS, and DOES 1-20 failed to take reasonable measures to

13  decrease this risk and actually increased this risk by failing to provide proper

14  medical care.

15      66.    Defendants SHAFER, MARLATT, HERNANDEZ, VILLEGAS, and

16  DOES 1-20, further failed to properly house Mr. MIXON in a medical observation

17  cell that mandated recurrent observation of Plaintiff to ensure his health and safety.

18      67.    Instead,   Defendants   SHAFER,   MARLATT,   HERNANDEZ,

19  VILLEGAS, and DOES 1-20 left Mr. MIXON for dead in his cell, thereby

20  unreasonably delaying Plaintiff's medical care until the following day.

21      68.    Defendants SHAFER, MARLATT, HERNANDEZ, VILLEGAS, and

22  DOES 1-20, denied Mr. MIXON proper medical care, including but not limited to

23  (1) preventing him from being transported to the hospital after beating him; (2)

24  failing to place him in a medical observation cell that mandated recurrent

25  observation to ensure his health and safety; and (3) delaying the transportation of

26  Plaintiff to the hospital, amongst other things.

27      69.    Defendants SHAFER, MARLATT, HERNANDEZ, VILLEGAS, and

28  DOES 1-20 acted under color of law at all times relevant to this Complaint.

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

70. Defendants SHAFER, MARLATT, HERNANDEZ, VILLEGAS, and DOES 1-20 knew from Mr. MIXON's condition – including bleeding and bruising of his body and face – that he was in medical distress and in serious need of immediate medical treatment to preserve him from further serious injury and/or death.

71. Plaintiff is informed and believes, and based thereon alleges, that Defendants SHAFER, MARLATT, HERNANDEZ, VILLEGAS, and DOES 1-20 withheld medical care from Mr. MIXON by delaying transporting him to the hospital until the following day, thereby delaying the necessary medical care.

72. The denial of medical care by Defendants SHAFER, MARLATT, HERNANDEZ, VILLEGAS, and DOES 1-20 deprived Mr. MIXON of his right to be secure in his person, his right to due process, his right to reasonable medical care while in custody, and his right that government officials not be deliberately indifferent to his serious medical needs as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution.

73. Defendants SHAFER, MARLATT, HERNANDEZ, VILLEGAS, and DOES 1-20 knew that failure to provide timely medical treatment to Mr. MIXON could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Plaintiff great bodily harm and physical and emotional pain and suffering.

74. But for the INDIVIDUAL DEFENDANTS' conduct in causing the delay of Mr. MIXON's receipt of medical transport and care, Plaintiff's injuries would have been evaluated and treated earlier, and the delay contributed to additional damage and inhibition to his recovery.

75. The actions and/or inactions of INDIVIDUAL DEFENDANTS were objectively unreasonable given the circumstances.

///

///

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

76.     The actions and/or inactions of INDIVIDUAL DEFENDANTS were objectively deliberately indifferent to a serious medical need under the circumstances.

77.     As a legal result of each of the INDIVIDUAL DEFENDANTS' conduct as described herein, Plaintiff sustained damages in an amount to be determined according to proof at trial. As a direct result of the aforementioned conduct, Plaintiff has suffered and will continue to suffer from physical pain, emotional distress, and mental anguish.

78.     As a further legal result of the conduct described here, Plaintiff has incurred medical and other expenses, all in an amount to be determined according to proof at trial.

79.     As a result of their misconduct, and in addition to actually causing the injuries leading to the need for medical treatment, Defendants SHAFER, MARLATT, HERNANDEZ, VILLEGAS, and DOES 1-20 are liable to Plaintiff for his injuries, either because they were integral participants in the denial of medical care, or because they failed to intervene to prevent these violations despite having the opportunity to do so.

80.     Plaintiff is entitled to recover reasonable costs and attorney fees under 42 U.S.C. § 1988.

81.     In committing the acts described above, Plaintiff is informed and believes INDIVIDUAL DEFENDANTS, STATE, CDCR, CRC, and DOES 21-40 acted with oppression, fraud, or malice, entitling Plaintiff to an award of punitive damages against INDIVIDUAL DEFENDANTS in an amount according to proof at time of trial.

///

///

///

///

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

## FOURTH CAUSE OF ACTION

## FAILURE TO SUMMON MEDICAL CARE (Cal. Gov. Code § 845.6)

### (Against All Defendants)

82.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint as though set forth herein in full.

83.   By virtue of inflicting physical harm, failing to intervene while Plaintiff was being subjected to physical harm, the supervisory roles involved, and the ratification, training, and policies implemented, each and every Defendant knew or should have known that Plaintiff was in need of immediate medical care following the incident.

84.   Defendants knew or should have known that Mr. MIXON needed immediate medical care given that he had been pepper sprayed, forcefully and violently handcuffed, pushed against a wall and beaten, and his head slammed his head against the wall to the point of causing multiple skull fractures.

85.   Though Defendants were aware of Mr. MIXON's need for immediate medical care based on the bleeding and bruising of his body and face, Defendants, and each of them, brought Mr. MIXON back to his cell instead of the hospital and left him for dead until March 1, 2022.

86.   It was determined that Mr. MIXON had suffered fractures to his skull, eye socket, and nose cavity, requiring immediate medical care and causing lasting effects.

87.   Defendants failed to take reasonable action to summon the necessary immediate medical care, ignoring Plaintiff's urgent medical needs for hours.

88.   Defendants' failure to procure medical attention was a substantial factor in Plaintiff's pain and suffering.

89.   In committing the acts described above, Plaintiff is informed and believes INDIVIDUAL DEFENDANTS, STATE, CDCR, CRC, and DOES 21-40 acted with oppression, fraud, or malice, entitling Plaintiff to an award of punitive

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

1   damages against INDIVIDUAL DEFENDANTS in an amount according to proof

2   at time of trial.

### FIFTH CAUSE OF ACTION

**DENIAL OF MEDICAL CARE, 42 U.S.C. § 1983, *MONELL***

**(Against Defendants STATE, CDCR, CRC, and DOES 21-40)**

6   90.    Plaintiff re-alleges and incorporates by reference each and every

7   allegation contained in this complaint as though set forth herein in full.

8   91.    The Defendants STATE, CDCR, CRC, and DOES 21-40, as a matter

9   of custom, practice, and policy, encouraged, tacitly permitted, and/or turned a blind

10  eye toward instances wherein corrections personnel failed to provide reasonable

11  post-use of force incident care, failed to promptly summon medical care, and were

12  deliberately indifferent toward the serious medical needs of inmates in violation of

13  the Fourth and/or Fourteenth Amendments of the United States Constitution.

14  92.    The Defendants STATE, CDCR, CRC, and DOES 21-40, as a matter

15  of custom, practice, and policy, also failed to maintain adequate and proper training

16  for officers and law enforcement personnel necessary to educate the corrections

17  personnel as to the Constitutional rights of inmates, to prevent the consistent and

18  systematic denial of medical care by corrections personnel, and to prevent the

19  excessive force and extra judicial punishment by corrections personnel.

20  93.    Defendants either knew or had constructive knowledge that STATE,

21  CDCR, CRC, and DOES 21-40 had a history of deliberate indifference to the

22  serious and immediate medical needs of inmates. Despite having this knowledge,

23  Defendants condoned, tolerated and through actions and inactions thereby ratified

24  such policies.

25  94.    Plaintiff is informed and believes, and based thereon alleges, that

26  Defendants HAFER, MARLATT, HERNANDEZ, VILLEGAS, and DOES 1-20

27  withheld medical care from Mr. MIXON by leaving him in his cell until the

28  following morning after they had pepper sprayed him, forcefully and violently

1   handcuffed him, pushed him against a wall and beat him and slammed his head

2   against the wall, thereby delaying the necessary medical care.

3        95.   On information and belief, Defendants STATE, CDCR, CRC, and

4   DOES 21-40 fostered a custom, practice, and policy of authorizing the denial of

5   medical care to inmates by corrections personnel.

6        96.   By perpetrating, sanctioning, tolerating, and ratifying the conduct and

7   other wrongful acts, Defendants STATE, CDCR, CRC, and DOES 21-40 acted with

8   an intentional, reckless, and callous disregard for the life and constitutional and

9   human rights of Mr. MIXON that resulted in his substantial injuries.

10       97.   Said custom, practice, and policy included a failure to adequately

11  investigate, supervise and discipline offending corrections personnel that fostered

12  the custom, practice, and policy within the STATE, CDCR, CRC, and DOES 21-

13  40, which resulted in the substantial injuries to Mr. MIXON.

14       98.   Therefore, these defendants, with deliberate indifference, disregarded

15  their duty to protect the public from official misconduct.

16       99.   The failure to promulgate or maintain constitutionally adequate

17  policies regarding training and impartiality was done with deliberate indifference to

18  the rights of Mr. MIXON and others in his position.

19       100.  The constitutionally infirm lack of adequate training, supervision, and

20  discipline as to the corrections personnel in this case caused Mr. MIXON to suffer

21  general and special damages according to proof at the time of trial.

22       101.  Plaintiff is entitled to recover reasonable costs and attorney fees

23  under 42 U.S.C. § 1988.

24       102.  In committing the acts described above, Plaintiff is informed and

25  believes Defendants STATE, CDCR, CRC, and DOES 21-40 acted with

26  oppression, fraud, or malice, entitling Plaintiff to an award of punitive damages

27  against Defendants in an amount according to proof at time of trial.

28  ///

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

### SIXTH CAUSE OF ACTION

### VIOLATION OF DUE PROCESS, 42 U.S.C. § 1983

### (Against Defendants SHAFER, MARLATT, HERNANDEZ, VILLEGAS, and DOES 1-20)

103.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint as though set forth herein in full.

104.     The Substantive Due Process clause forbids the government from depriving a person of life, liberty, or property in such a way that shocks the conscience or interferes with the rights implicit in the concept of ordered liberty.

105.     Defendants SHAFER, MARLATT, HERNANDEZ, VILLEGAS, and DOES 1-20 employed excessive force onto Mr. MIXON without justification in violation of the Due Process Clause of the Fourteenth Amendment.

106.     The actions of Defendants SHAFER, MARLATT, HERNANDEZ, VILLEGAS, and DOES 1-20 shock the conscience.

107.     Mr. MIXON did not provoke, threaten, touch, or resist INDIVIDUAL DEFENDANTS.

108.     Mr. MIXON complied with all INDIVIDUAL DEFENDANT commands.

109.     Mr. MIXON posed no threat to Defendants SHAFER, MARLATT, HERNANDEZ, VILLEGAS, and DOES 1-20 when they attacked Mr. MIXON by pepper spraying him, forcefully and violently handcuffing him, pushing him against a wall and beating him and slamming his head against the wall.

110.     Defendants SHAFER, MARLATT, HERNANDEZ, VILLEGAS, and DOES 1-20 had the ability to reflect on their course of conduct before engaging in the use of excessive force and violating Mr. MIXON's liberty interest in his bodily security.  INDIVIDUAL DEFENDANTS affirmatively placed Mr. MIXON in a position of danger.  INDIVIDUAL DEFENDANTS consciously disregarded a substantial risk of serious harm.

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

111.    As a result, Mr. MIXON was pepper sprayed, forcefully and violently handcuffed, pushed against a wall, beaten, and his head was slammed against the wall multiple times by INDIVIDUAL DEFENDANTS.

112.    At all times herein Defendants SHAFER, MARLATT, HERNANDEZ, VILLEGAS, and DOES 1-20 were acting within their scope of employment as corrections officers and sergeants within CRC.

113.    The conduct alleged herein caused Mr. MIXON to be deprived of his civil rights that are protected under the United States Constitution, California Constitution, and federal and state laws. The actions of Defendants SHAFER, MARLATT, HERNANDEZ, VILLEGAS, and DOES 1-20 have legally, proximately, foreseeably, and actually caused Mr. MIXON to suffer physical injury, emotional distress, pain and suffering, unjust deprivation of his liberty and freedom, and further damages according to proof at the time of trial.

114.    As a further result of the foregoing, Plaintiff is entitled to recover reasonable costs and attorney fees under 42 U.S.C. § 1988.

115.    The conduct alleged herein was done in with oppression, fraud, malice, and/or deliberate or reckless disregard of constitutionally protected rights, justifying an award of exemplary damages against Defendants SHAFER, MARLATT, HERNANDEZ, VILLEGAS, and DOES 1-20 in an amount according to proof at the time of trial in order to deter Defendants from engaging in similar conduct and to make an example by way of monetary punishment.

## SEVENTH CAUSE OF ACTION

### BATTERY

### (Against All Defendants)

116.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint as though set forth herein in full.

117.    Plaintiff is informed and believes that Defendants SHAFER, MARLATT, HERNANDEZ, VILLEGAS, and DOES 1-20, with the knowledge,

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

permission, and consent of Defendants STATE, CDCR, CRC, and DOES 21-40, used excessive force against him though Mr. MIXON had not posed any reasonable threat of death or serious bodily injury to anyone.

118.    Defendants acted with an intent to cause apprehension of immediate harmful and/or offensive bodily contact when they attacked Mr. MIXON by pepper spraying him, forcefully and violently handcuffing him, pushing him against a wall and beating him and slamming his head against the wall.

119.    Harmful and/or offensive bodily contact did in fact occur.

120.    The harmful and/or offensive bodily contact was not privileged.

121.    Mr. MIXON did not consent to harmful and/or offensive bodily contact used against him.

122.    The harmful and/or offensive bodily contact employed by INDIVIDUAL DEFENDANTS was not reasonable.

123.    In doing the acts alleged in this complaint, each of the INDIVIDUAL DEFENDANTS knew, or through the exercise of reasonable diligence should have known, that their actions were likely to injure and cause harm to Mr. MIXON. Plaintiff is informed and believes, and thereon alleges, that each of those Defendants intended to cause him injury and/or death and acted with a malicious, willful, and conscious disregard for his rights. Mr. MIXON did nothing to justify the use of severe and malicious force against him. Accordingly, the conduct of INDIVIDUAL DEFENDANTS in using excessive force against Mr. MIXON justifies the awarding of punitive damages against each of the INDIVIDUAL DEFENDANTS pursuant to Civil Code § 3294.

124.    Defendants STATE, CDCR, CRC, and DOES 21-40 are vicariously liable for the wrongful acts of INDIVIDUAL DEFENDANTS pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

# EIGHTH CAUSE OF ACTION

## ASSAULT

### (Against All Defendants)

125.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint as though set forth herein in full.

126.    Plaintiff is informed and believes that Defendants SHAFER, MARLATT, HERNANDEZ, VILLEGAS, and DOES 1-20, with the knowledge, permission, and consent of Defendants STATE, CDCR, CRC, and DOES 21-40, used excessive force against him though Mr. MIXON had not posed any reasonable threat of death or serious bodily injury to anyone.

127.    Defendants acted with an intent to cause apprehension of immediate harmful and/or offensive bodily contact when they attacked Mr. MIXON by pepper spraying him, forcefully and violently handcuffing him, pushing him against a wall and beating him and slamming his head against the wall.

128.    Mr. MIXON reasonably believed that he was going to be touched in a harmful or offensive manner.

129.    It reasonably appeared to Mr. MIXON that Defendants SHAFER, MARLATT, HERNANDEZ, VILLEGAS, and DOES 1-20 were going to carry out this threat, and Mr. MIXON did not consent to this threat.

130.    In doing the acts alleged in this complaint, each of the Defendants SHAFER, MARLATT, HERNANDEZ, VILLEGAS, and DOES 1-20 knew, or through the exercise of reasonable diligence should have known that their actions were likely to injure and cause harm to Mr. MIXON. Plaintiff is informed and believes, and thereon alleges, that each of those Defendants intended to cause him injury and/or death and acted with a malicious, willful, and conscious disregard for his rights. Mr. MIXON did nothing to justify the use of severe and malicious force against him. Accordingly, the conduct of Defendants SHAFER, MARLATT, HERNANDEZ, VILLEGAS, and DOES 1-20 in using excessive force against Mr.

MᴄMᴜʀʀᴀʏ Hᴇɴʀɪᴋs, LLP
811 Wɪʟsʜɪʀᴇ Bᴏᴜʟᴇᴠᴀʀᴅ, Sᴜɪᴛᴇ 1640
Lᴏs Aɴɢᴇʟᴇs, CA 90017

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

1  MIXON justifies the awarding of punitive damages against each of the

2  INDIVIDUAL DEFENDANTS pursuant to Civil Code § 3294.

3      131.  Defendants STATE, CDCR, CRC, and DOES 21-40 are vicariously

4  liable for the wrongful acts of Defendants SHAFER, MARLATT, HERNANDEZ,

5  VILLEGAS, and DOES 1-20 pursuant to section 815.2 of the California

6  Government Code, which provides that a public entity is liable for the injuries

7  caused by its employees within the scope of the employment if the employee's act

8  would subject him or her to liability.

9  **NINTH CAUSE OF ACTION**

10  **NEGLIGENCE**

11  **(Against All Defendants)**

12      132.  Plaintiff re-alleges and incorporates by reference each and every

13  allegation contained in this complaint as though set forth herein in full.

14      133.  Defendants SHAFER, MARLATT, HERNANDEZ, VILLEGAS, and

15  DOES 1-20 were corrections officers and sergeants acting within the course and

16  scope of their employment who negligently, carelessly, and without reasonable care

17  used excessive force against Mr. MIXON. Alternatively, at the time and place

18  described above, each of the Defendants came upon Mr. MIXON and negligently,

19  carelessly and/or recklessly concluded that he presented a risk of serious injury or

20  harm to one of them, thereby necessitating the use of excessive force against him.

21      134.  Defendant SHAFER, MARLATT, HERNANDEZ, VILLEGAS, and

22  DOES 1-20, and each of them, had the duty to exercise ordinary care towards Mr.

23  MIXON and should have known that subjecting him to conduct described herein

24  would lead to bodily injury and foreseeably cause the Plaintiff to suffer harm.

25      135.  Defendants SHAFER, MARLATT, HERNANDEZ, VILLEGAS, and

26  DOES 1-20 breached their legal duty by failing to act reasonably in light of the

27  circumstances.

28      136.  Defendants SHAFER, MARLATT, HERNANDEZ, VILLEGAS, and

1   DOES 1-20 had the opportunity to intervene and failed to do so, thereby breaching

2   their legal duty and failed to act reasonably in light of the circumstances.

3       137.    Defendants STATE, CDCR, CRC, and DOES 21-40 are vicariously

4   liable for the wrongful acts of INDIVIDUAL DEFENDANTS pursuant to section

5   815.2 of the California Government Code, which provides that a public entity is

6   liable for the injuries caused by its employees within the scope of the employment

7   if the employee's act would subject him or her to liability.

8       138.    As a direct and proximate result of the foregoing, Plaintiff has suffered

9   physical injury, emotional distress, pain and suffering, unjust deprivation of his

10  liberty and freedom, and further damages according to proof at the time of trial.

### TENTH CAUSE OF ACTION

### NEGLIGENT HIRING, TRAINING, SUPERVISION, DISCIPLINE, AND/OR RETENTION, 42 U.S.C. § 1983, *MONELL*

### (Against Defendants STATE, CDCR, CRC, and DOES 21-40)

15      139.    Plaintiff re-alleges and incorporates by reference each and every

16  allegation contained in this complaint as though set forth herein in full.

17      140.    Defendants SHAFER, MARLATT, HERNANDEZ, VILLEGAS, and

18  DOES 1-20 employed excessive force and failed to properly engage Mr. MIXON.

19      141.    Defendants STATE, CDCR, CRC, and DOES 21-40 maintain an

20  unconstitutional custom, policy, or practice, within the meaning of *Monell v.*

21  *Department of Social Services of the City of New York*, 436 U.S. 658 (1978)

22  ("*Monell*") of employing excessive force, and depriving persons of life, liberty, and

23  property.

24      142.    Defendants STATE, CDCR, CRC, and DOES 21-40 as a matter of

25  custom, practice, and policy, failed to maintain adequate and proper hiring, training,

26  supervision, discipline, and retention policies for officers and corrections personnel

27  in the CRC necessary to educate the officers as to the Constitutional rights of

28  arrestees, to prevent the consistent and systematic use of excessive force by

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

1    corrections officers, and to prevent the excessive force and extra judicial

2    punishment of inmates by corrections officers.

3        143.    By perpetrating, sanctioning, tolerating, and ratifying the conduct and

4    other wrongful acts of INDIVIDUAL DEFENDANTS, Defendants acted with an

5    intentional, reckless, and callous disregard for the constitutional and human rights

6    of Mr. MIXON.

7        144.    The conduct alleged herein violated Mr. MIXON's rights alleged

8    above which have legally, proximately, foreseeably, and actually caused Plaintiff

9    to suffer general and special damages according to proof at the time of trial.

10       145.    Plaintiff is also entitled to recover reasonable costs and attorney fees

11   under 42 U.S.C. § 1988.

12       146.    In committing the acts described above, Plaintiff is informed and

13   believes Defendants STATE, CDCR, CRC, and DOES 21-40 acted with

14   oppression, fraud, or malice, entitling Plaintiff to an award of punitive damages

15   against Defendants in an amount according to proof at time of trial

16                    **ELEVENTH CAUSE OF ACTION**

17   **FAILURE TO PROPERLY TRAIN, SUPERVISE AND DISCIPLINE, 42**

18                    **U.S.C. § 1983, *MONELL***

19        **(Against Defendants STATE, CDCR, CRC, and DOES 21-40)**

20       147.    Plaintiff re-alleges and incorporates by reference each and every

21   allegation contained in this complaint as though set forth herein in full.

22       148.    Defendants STATE, CDCR, CRC, and DOES 21-40 as a matter of

23   custom, practice, and policy, failed to maintain adequate and proper training for

24   corrections personnel in the CRC necessary to educate the corrections officers as to

25   the Constitutional rights of inmates, to prevent the consistent and systematic use of

26   excessive force by corrections officers, and to prevent the excessive force and extra

27   judicial punishment of inmates by corrections officers.

28       149.    By perpetrating, sanctioning, tolerating, and ratifying the conduct and

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

1  other wrongful acts, Defendants acted with an intentional, reckless, and callous
2  disregard for the constitutional and human rights of Mr. MIXON.

3      150.    Said custom, practice, and policy included a failure to adequately
4  investigate, supervise and discipline offending corrections officers, sergeants, and
5  other personnel that fostered the custom, practice, and policy within the CRC which
6  resulted in the excessive use of force inflicted upon Mr. MIXON.

7      151.    The constitutionally infirm lack of adequate training, supervision, and
8  discipline as to the corrections personnel in this case caused Mr. MIXON to suffer
9  general and special damages according to proof at the time of trial.

10     152.    Plaintiff is entitled to recover reasonable costs and attorney fees under
11  42 U.S.C. § 1988.

12     153.    In committing the acts described above, Plaintiff is informed and
13  believes Defendants STATE, CDCR, CRC, and DOES 21-40 acted with
14  oppression, fraud, or malice, entitling Plaintiff to an award of punitive damages
15  against Defendants in an amount according to proof at time of trial.

### TWELFTH CAUSE OF ACTION

### RATIFICATION, 42 U.S.C. § 1983, *MONELL*

### (Against Defendants STATE, CDCR, CRC, and DOES 21-40)

19     154.    Plaintiff re-alleges and incorporates by reference each and every
20  allegation contained in this complaint as though set forth herein in full.

21     155.    INDIVIDUAL DEFENDANTS employed excessive force and failed
22  to properly engage Mr. MIXON during the incident described herein.

23     156.    Defendants STATE, CDCR, CRC, and DOES 21-40 maintain an
24  unconstitutional custom, policy, or practice, within the meaning of *Monell v.*
25  *Department of Social Services of the City of New York*, 436 U.S. 658 (1978)
26  ("*Monell*") of employing excessive force, and depriving persons of life, liberty, and
27  property.

28     157.    Defendants either knew or had constructive knowledge that they

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

1    should train its corrections personnel to follow all laws governing the Constitutional

2    rights of inmates, use of force by corrections officers, and preventing excessive

3    force and extra judicial punishment of inmates by corrections personnel.

4    158.    By perpetrating, sanctioning, tolerating, and ratifying the conduct and

5    other wrongful acts of INDIVIDUAL DEFENDANTS, Defendants acted with an

6    intentional, reckless, and callous disregard for the constitutional and human rights

7    of Mr. MIXON.

8    159.    The conduct alleged herein violated Mr. MIXON's right alleged above

9    which has legally, proximately, foreseeably, and actually caused Plaintiff to suffer

10   general and special damages according to proof at the time of trial.

11   160.    Plaintiff is also entitled to recover reasonable costs and attorney fees

12   under 42 U.S.C. § 1988.

13   161.    In committing the acts described above, Plaintiff is informed and

14   believes Defendants STATE, CDCR, CRC, and DOES 21-40 acted with

15   oppression, fraud, or malice, entitling Plaintiff to an award of punitive damages

16   against Defendants in an amount according to proof at time of trial.

17   **THIRTEENTH CAUSE OF ACTION**

18   **UNCONSTITUTIONAL POLICY, 42 U.S.C. § 1983, *MONELL***

19   **(Against Defendants STATE, CDCR, CRC, and DOES 21-40)**

20   162.    Plaintiff re-alleges and incorporates by reference each and every

21   allegation contained in this complaint as though set forth herein full.

22   163.    Defendants STATE, CDCR, CRC, and DOES 21-40 maintained an

23   unconstitutional custom, policy or practice, within the meaning of *Monell v.*

24   *Department of Social Services of the City of New York*, 436 U.S. 658 (1978)

25   ("*Monell*"), of employing excessive force, and depriving persons of life, liberty and

26   property.

27   164.    Defendants SHAFER, MARLATT, HERNANDEZ, VILLEGAS, and

28   DOES 1-20 violated Mr. MIXON's constitutionally protected right by engaging in

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

the incident described herein that resulted in excessive force being inflicted upon Mr. MIXON.

165.     Defendants acted deliberately against Mr. MIXON in utilizing excessive force against him pursuant to CRC policy and/or procedure.

166.     By perpetrating, sanctioning, tolerating, and ratifying the conduct and other wrongful acts of INDIVIDUAL DEFENDANTS, Defendants STATE, CDCR, CRC, and DOES 21-40 acted with an intentional, reckless, and callous disregard for the constitutional and human rights of Mr. MIXON.

167.     Defendants STATE, CDCR, CRC, and DOES 21-40 maintained an unconstitutional policy to permit corrections officers and personnel to engage in unprovoked use of excessive force against inmates.

168.     The conduct alleged herein violated Mr. MIXON's rights alleged above which has legally, proximately, foreseeably, and actually caused Plaintiff to suffer general and special damages according to proof at the time of trial.

169.     The unconstitutional policy set forth above was a direct cause of Mr. MIXON's injuries in this case.

170.     Plaintiff is also entitled to recover reasonable costs and attorney fees under 42 U.S.C. § 1988.

171.     In committing the acts described above, Plaintiff is informed and believes Defendants acted with oppression, fraud, or malice, entitling Plaintiff to an award of punitive damages against Defendants in an amount according to proof at time of trial.

## FOURTEENTH CAUSE OF ACTION
## VIOLATION OF BANE ACT, CAL. CIVIL CODE § 52.1
### (Against All Defendants)

172.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint as though set forth herein in full.

173.     The California Legislature declared that it violates our state civil rights

act for any person to interfere with the exercise or enjoyment by an individual of his/her rights secured by the United States Constitution or state or federal law. This includes any interference of these rights by threats, intimidation, coercion, or attempted threats, intimidation, or coercion.

174.     Defendants SHAFER, MARLATT, HERNANDEZ, VILLEGAS, and DOES 1-20 while working as corrections officers and sergeants for the CRC and acting within the course and scope of their employment and/or official duties, interfered with and/or attempted to interfere with the rights of Mr. MIXON to be free from unreasonable searches and seizures and unreasonable excessive force by threatening or committing acts involving violence, coercion or intimidation, as set forth above.

175.     On information and belief, Mr. MIXON reasonably believed that if he exercised his constitutional rights to be free from unreasonable searches and seizures and unreasonable excessive force, INDIVIDUAL DEFENDANTS would commit acts involving violence, threats, coercion or intimidation against his person.

176.     This interference with Mr. MIXON's rights was perpetrated in violation of California Civil Code § 52.1 and Mr. MIXON's right to liberty and to be free from excessive force under the California and Federal Constitutions.

177.     The conduct alleged herein violated Mr. MIXON's rights alleged above which has legally, proximately, foreseeably, and actually caused Plaintiff to suffer general and special damages according to proof at the time of trial.

178.     As a further direct and proximate result of the foregoing, Plaintiff further suffers from depression, nightmares, mental anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping, increased appetite, social withdrawal, tearfulness, and anger.

179.     Defendants' violation of Plaintiff's rights as guaranteed by Cal. Civ. Code § 52.1 entitles Plaintiff to reasonable attorneys' fees and costs of suit pursuant to Cal. Civ. Code §§ 52.1, subd. (h), 52(b)(3). Plaintiff is also entitled to injunctive

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

1  and/or declaratory relief thereon.

2  180.    In committing the acts described above, Plaintiff is informed and
3  believes Defendants SHAFER, MARLATT, HERNANDEZ, VILLEGAS, and
4  DOES 1-20 acted with a willful and conscious disregard of Plaintiff's rights as
5  secured by Cal. Civ. Code § 52.1, thus entitling Plaintiff to recover punitive
6  damages pursuant to Cal. Civ. Code § 52, subd. (b)(1).

7  181.    Defendants STATE, CDCR, CRC, and DOES 21-40 are vicariously
8  liable for the wrongful acts of Defendants SHAFER, MARLATT, HERNANDEZ,
9  VILLEGAS, and DOES 1-20 pursuant to section 815.2 of the California
10 Government Code, which provides that a public entity is liable for the injuries
11 caused by its employees within the scope of the employment if the employee's act
12 would subject him or her to liability.

**FIFTEENTH CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(Against All Defendants)**

16 182.    Plaintiff re-alleges and incorporates by reference each and every
17 allegation contained in this complaint as though set forth herein in full.

18 183.    The conduct of Defendants SHAFER, MARLATT, HERNANDEZ,
19 VILLEGAS, and DOES 1-20 in inflicting excessive force against Mr. MIXON,
20 failing to timely treat the resulting physical injuries, and frequently raiding and
21 moving his cell was outrageous and exceeds the bounds tolerated in a civil society.

22 184.    Defendants SHAFER, MARLATT, HERNANDEZ, VILLEGAS, and
23 DOES 1-20 contravened basic corrections policy and practice when they went
24 hands on with Mr. MIXON although he had not provoked or threatened them, was
25 lying on the ground in pain, was complying with all officer commands, and did not
26 pose a threat.

27 185.    Defendants SHAFER, MARLATT, HERNANDEZ, VILLEGAS, and
28 DOES 1-20 used excessive force against Mr. MIXON even though he was

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

**29**

COMPLAINT AND DEMAND FOR JURY TRIAL

1  complying with their commands and did not pose a threat.

2      186.    Defendants SHAFER, MARLATT, HERNANDEZ, VILLEGAS, and

3  DOES 1-20 willfully and/or recklessly violated Mr. MIXON's constitutional rights.

4      187.    The actions of Defendants amount to extreme and outrageous conduct.

5      188.    Mr. MIXON was in fact harmed as a legal result of the above-

6  described threat.

7      189.    Defendants SHAFER, MARLATT, HERNANDEZ, VILLEGAS, and

8  DOES 1-20 have state sanctioned power to deprive someone of their liberty.

9  Defendants are required to act within the bounds of the Constitution due to these

10  awesome powers. Defendants intentionally violated Mr. MIXON's Constitutional

11  rights, which constitute conduct that exceeds all bounds tolerated by a civilized

12  society.

13      190.    Defendants were aware that engaging in this willful and/or reckless

14  conduct had a probability of causing Mr. MIXON to suffer from severe emotional

15  distress.

16      191.    The actions of defendants have legally, proximately, foreseeably, and

17  actually caused Mr. MIXON to suffer severe emotional distress.

18      192.    As a result of the Defendants' conduct as described here, Mr. MIXON

19  suffered physical and emotional pain and injury to his mind and body, all in an

20  amount to be determined according to proof at trial.

21      193.    The STATE, CDCR, CRC, and DOES 21-40 are vicariously liable for

22  the wrongful acts of defendant officers pursuant to section 815.2 of the California

23  Government Code, which provides that a public entity is liable for the injuries

24  caused by its employees within the scope of the employment if the employee's act

25  would subject him or her to liability.

26      194.    The actions of defendants have legally, proximately, foreseeably, and

27  actually caused Mr. MIXON to suffer physical injury, emotional distress, pain and

28  suffering, unjust deprivation of his liberty and freedom, and further damages

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

according to proof at the time of trial. In doing the acts alleged in this complaint, Defendants SHAFER, MARLATT, HERNANDEZ, VILLEGAS, and DOES 1-20, or through the exercise of reasonable diligence should have known that their actions were likely to injure Mr. MIXON. Plaintiff is informed and believes, and thereon alleges, that each of those defendants intended to cause Mr. MIXON injury and acted with a malicious, willful, and conscious disregard for his rights. Mr. MIXON did nothing to justify the use of severe and malicious force against him. Mr. MIXON was unarmed and had not posed any reasonable threat to any person. The unjustified use of severe and malicious force against him was inflicted, in whole or in part, on account of his race, and with the intent to maliciously deprive him of his constitutional rights and/or to inflict injury on him. Accordingly, the conduct of INDIVIDUAL DEFENDANTS as set forth above justifies the awarding of punitive damages against each of the INDIVIDUAL DEFENDANTS pursuant to Civil Code § 3294.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For general damages in an amount to be determined according to proof at trial;

2. For medical expenses, loss of wages and/or earning capacity, and other related expenses and special damages in an amount to be determined according to proof at trial;

3. For attorney fees, costs, and expenses in an amount to be determined according to proof at trial;

4. For punitive damages against each of the defendants except Defendants STATE, CDCR, and CRC pursuant to Civil Code § 52(b)(1) and/or Civil Code § 3294;

5. For a statutory civil penalty of $25,000 pursuant to Civil Code § 52(b)(2) against each of the defendants except Defendants STATE,

CDCR, and CRC, and for injunctive and/or declaratory relief thereon;

6. For injunctive and declaratory relief;

7. For costs of suit;

8. For legal interest on the judgment;

9. For such other and further relief as the Court deems just and proper.

DATED: August 21, 2023

**MCMURRAY HENRIKS, LLP**

By: _____

**Yana G. Henriks, Esq.**
Attorneys for Plaintiff RONNIE D. MIXON

# DEMAND FOR JURY TRIAL

Plaintiff RONNIE D. MIXON hereby demands a jury trial.

DATED: August 21, 2023

**MCMURRAY HENRIKS, LLP**

By: _____

**Yana G. Henriks, Esq.**
Attorneys for Plaintiff RONNIE D.
MIXON

COMPLAINT AND DEMAND FOR JURY TRIAL

MCMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Yana G. Henriks, Esq. (SBN 250638)<br>McMurray Henriks, LLP, 811 Wilshire Blvd., Suite 1640, Los Angeles, CA 90017<br>TELEPHONE NO.: 323-931-6200   FAX NO. *(Optional)*: 323-931-9521<br>E-MAIL ADDRESS: yhenriks@law-mh.com<br>ATTORNEY FOR *(Name)*: Plaintiff RONNIE D. MIXON | Electronically FILED by Superior Court of California, County of Riverside on 08/22/2023 10:51 AM<br>Case Number CVRI2304360 0000067848025 - Jason B. Galkin, Executive Officer/Clerk of the Court By Joanne Bishop, Clerk. |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: 4050 Main Street
CITY AND ZIP CODE: Riverside 92501
BRANCH NAME: Historic Courthouse

CASE NAME:
MIXON v. STATE OF CALIFORNIA, et al.

| CIVIL CASE COVER SHEET<br>[x] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER<br>CVRI 2304360<br>JUDGE<br>DEPT. |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [x] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more
   issues that will be time-consuming to resolve   courts in other counties, states, or countries, or in a federal
   c. [ ] Substantial amount of documentary evidence   court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* Fifteen (15)
5. This case [ ] is   [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: August 21, 2023

Yana G. Henriks ► /s/ Yana G. Henriks
_____   _____
(TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

# 1b.Exhibit B

Case Number CVRI2304360 0000073269051 - Jason B. Galkin, Executive Officer/Clerk of the Court By Taylor Lomuscio, Clerk

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

**Randy H. McMurray SBN 126888**
**McMURRAY HENRIKS LLP**
**811 Wilshire Blvd, Suite 1640**
**Los Angeles, CA 90017**
Telephone No.: **(323) 931-6200**          Fax No. *(Optional):*

E-MAIL ADDRESS *(Optional):* **rmcmurray@law-mh.com**
ATTORNEY FOR *(Name):*     **Plaintiff**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE - CENTRAL (EFILING)**
   STREET ADDRESS: 4050 Main St.
   MAILING ADDRESS: 4050 Main St.
   CITY AND ZIP CODE: Riverside, CA 92501
   BRANCH NAME: SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE -
      CENTRAL (EFILING)

| PLAINTIFF/PETITIONER: Ronnie D. Mixon | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: State of California, a California public entity | CVRI2304360 |

| **PROOF OF SERVICE SUMMONS** | Ref. No. or File No.:<br>MIXON |
|---|---|

(Separate proof of service is required for each party served.)

1.      At the time of service I was at least 18 years of age and not a party to this action.

2.      I served copies of: *Summons; Complaint; Civil Case Cover Sheet; (9) Notice of Case Management Conference; Certificate of*
        *Counsel; Notice of Department Assignment; Alternative Dispute Resolution (ADR) Information Package*

3.   a.   Party served *(specify name of party as shown on documents served):*
          *California Department of Corrections & Rehabilitation, a California public entity*

     b.   [ **X** ]   Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
              under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
              *Linda Stark  (Gender: Female Age: 45 Height: 5'6" Weight: 165 Race: White Hair: Brown Other: 45 + years old)*
              *Office Technician, Person Authorized to Accept*

4.      Address where the party was served: *1515 S St Sacramento, CA 95811*

5.      I served the party *(check proper box)*
     a.   [ **X** ]   **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive
              service of process for the party (1) on: **10/17/2023** (2) at: **02:40 PM**
     b.   [   ]   **by substituted service.** On *:*  at *:*  I left the documents listed in item 2 with or in the presence of *(name and title or*
              *relationship to person indicated in item 3):*

          (1)   [   ]   **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
                    of the person to be served. I informed him or her of the general nature of the papers.

          (2)   [   ]   **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
                    place of abode of the party. I informed him or her of the general nature of the papers.

          (3)   [   ]   **(physical address unknown)** a person of at least 18 years of age apparently in charge at the usual
                    mailing address of the person to be served, other than a United States Postal Service post office box. I
                    informed him or her of the general nature of the papers.

          (4)   [   ]   I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at
                    the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:
                    *on:*          *from:*          **or** [   ] a declaration of mailing is attached.

          (5)   [   ]   I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | |

| PLAINTIFF/PETITIONER: Ronnie D. Mixon | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: State of California, a California public entity | CVRI2304360 |

5.    c.   ☐    **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

         (1) on:                             (2) from:

         (3)   ☐    with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

         (4)   ☐    to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d.   ☐    **by other means** *(specify means of service and authorizing code section):*

         ☐    Additional page describing service is attached.

6.    The "Notice to the Person Served" (on the summons) was completed as follows:

   a.   ☐    as an individual defendant.

   b.   ☐    as the person sued under the fictitious name of *(specify):*

   c.   ☐    as occupant.

   d.   ☒    On behalf of *(specify):* **California Department of Corrections & Rehabilitation, a California public entity** under the following Code of Civil Procedure section:

         ☐ 416.10 (corporation)                    ☐ 415.95 (business organization, form unknown)

         ☐ 416.20 (defunct corporation)           ☐ 416.60 (minor)

         ☐ 416.30 (joint stock company/association)          ☐ 416.70 (ward or conservatee)

         ☐ 416.40 (association or partnership)         ☐ 416.90 (authorized person)

         ☒ 416.50 (public entity)                      ☐ 415.46 (occupant)

                                               ☐ other:

7.    **Person who served papers**

   a.   Name: **Danielle Noelle Crosby**

   b.   Address: **1000 Corporate Center Drive Suite 110, Monterey Park, CA 91754**

   c.   Telephone number: **213-628-6338**

   d.   **The fee** for service was: **$185.75**

   e.   I am:

         (1)   ☐    not a registered California process server.

         (2)   ☐    exempt from registration under Business and Professions Code section 22350(b).

         (3)   ☒    a registered California process server:

                (i)   ☐ owner     ☐ employee     ☒ independent contractor.

                (ii)    Registration No.: **2018-12**

                (iii)    County: **Sacramento**

8.   ☒    **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**JJ JANNEY & JANNEY**
**LEGAL SUPPORT SERVICE**

                                         **Danielle Noelle Crosby**             Date: **10/18/2023**

Case Number CVRI2304360 0000073269050 - Jason B. Galkin, Executive Officer/Clerk of the Court By Taylor Lomuscio, Clerk

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>**Randy H. McMurray SBN 126888**<br>**McMURRAY HENRIKS LLP**<br>**811 Wilshire Blvd, Suite 1640**<br>**Los Angeles, CA 90017**<br>Telephone No.: **(323) 931-6200**         Fax No. *(Optional):*<br><br>E-MAIL ADDRESS *(Optional):* **rmcmurray@law-mh.com**<br>ATTORNEY FOR *(Name):*      **Plaintiff** | FOR COURT USE ONLY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE - CENTRAL (EFILING)**
  STREET ADDRESS: 4050 Main St.
  MAILING ADDRESS: 4050 Main St.
  CITY AND ZIP CODE: Riverside, CA 92501
  BRANCH NAME: SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE - CENTRAL (EFILING)

| | |
|---|---|
| PLAINTIFF/PETITIONER: Ronnie D. Mixon<br><br>DEFENDANT/RESPONDENT: State of California, a California public entity | CASE NUMBER:<br>CVRI2304360 |
| **PROOF OF SERVICE SUMMONS** | Ref. No. or File No.:<br>MIXON |

(Separate proof of service is required for each party served.)

1.       At the time of service I was at least 18 years of age and not a party to this action.

2.       I served copies of: ***Summons; Complaint; Civil Case Cover Sheet; (9) Notice of Case Management Conference; Certificate of Counsel; Notice of Department Assignment; Alternative Dispute Resolution (ADR) Information Package***

3.       a.   Party served *(specify name of party as shown on documents served):*
             ***State of California, a California public entity***

         b.   ☒   Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
             **S. Lee  (Gender: Female Age: 35 Height: 5'3" Weight: 165 Race: Asian Hair: Black)**
             **DOJ Officer, Person Authorized to Accept**

4.       Address where the party was served: ***1300 I St Sacramento, CA 95814***

5.       I served the party *(check proper box)*
         a.   ☒   **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: **10/17/2023** (2) at: **02:53 PM**
         b.   ☐   **by substituted service.** On: at: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

             (1)   ☐   **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

             (2)   ☐   **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

             (3)   ☐   **(physical address unknown)** a person of at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

             (4)   ☐   I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:
                   *on:*          *from:*             **or** ☐ a declaration of mailing is attached.

             (5)   ☐   I attach a **declaration of diligence** stating actions taken first to attempt personal service.

POS-010 [Rev. January 1, 2007]                    **PROOF OF SERVICE OF SUMMONS**

                                                        Invoice # 8414918-01

| PLAINTIFF/PETITIONER: Ronnie D. Mixon | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: State of California, a California public entity | CVRI2304360 |

5.    c. ☐   **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on:                            (2) from:

    (3) ☐   with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐   to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐   **by other means** *(specify means of service and authorizing code section):*

    ☐   Additional page describing service is attached.

6.   The "Notice to the Person Served" (on the summons) was completed as follows:

   a. ☐   as an individual defendant.

   b. ☐   as the person sued under the fictitious name of *(specify):*

   c. ☐   as occupant.

   d. ☒   On behalf of *(specify):* **State of California, a California public entity**
        under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☒ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.   **Person who served papers**

   a. Name: **Danielle Noelle Crosby**

   b. Address: **1000 Corporate Center Drive Suite 110, Monterey Park, CA 91754**

   c. Telephone number: **213-628-6338**

   d. **The fee** for service was: **$185.75**

   e. I am:

    (1) ☐   not a registered California process server.

    (2) ☐   exempt from registration under Business and Professions Code section 22350(b).

    (3) ☒   a registered California process server:

       (i)   ☐ owner    ☐ employee    ☒ independent contractor.

       (ii)   Registration No.: **2018-12**

       (iii)   County: **Sacramento**

8.   ☒   **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**JJ JANNEY & JANNEY**
LEGAL SUPPORT SERVICE

                   ▶ _____

**Danielle Noelle Crosby**           Date: **10/18/2023**

Invoice#: 8414918-01

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

**Randy H. McMurray SBN 126888**
**McMURRAY HENRIKS LLP**
**811 Wilshire Blvd, Suite 1640**
**Los Angeles, CA 90017**

TELEPHONE NO.: **(323) 931-6200**          FAX NO. (Optional):

E-MAIL ADDRESS (Optional): **rmcmurray@law-mh.com**
ATTORNEY FOR (Name):          **Plaintiff**

*Electronically FILED by Superior Court of California, County of Riverside on 10/26/2023 08:45 AM*
*Case Number CVRI2304360 0000074025853 - Jason B. Galkin, Executive Officer/Clerk of the Court By Stephanie Anderson, Clerk*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE - CENTRAL (EFILING)**
STREET ADDRESS: 4050 Main St.
MAILING ADDRESS: 4050 Main St.
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME: SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE - CENTRAL (EFILING)

| | |
|---|---|
| PLAINTIFF/PETITIONER: RONNIE D. MIXON | CASE NUMBER: |
| DEFENDANT/RESPONDENT: STATE OF CALIFORNIA, A CALIFORNIA PUBLIC ENTITY | CVRI2304360 |

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: MIXON |

(Separate proof of service is required for each party served.)

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of: **Summons; Complaint; Civil Case Cover Sheet; Notice of Case Management Conference; Certificate of Counsel; Notice of Department Assignment; ADR Package**

3. a. Party served (specify name of party as shown on documents served): **California Rehabilitation Center, a California public entity**

   b. [×] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) (specify name and relationship to the party named in item 3a):

   **By Serving CCP 415.95 – Unknown/Unidentified Owner/Agent, Agent for Service**

4. Address where the party was served: **Fifth St Norco, CA 92860**

5. I served the party (check proper box)
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: (2) at:
   b. [×] **by substituted service.** On: **10/20/2023** at: **01:30 PM** I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3):
   **David Provine  (Gender: M Age: 60 Height: 6'1 Weight: 190 Race: Caucasian  Hair: Gray  Other: Blue eyes and gray mustache )**
   **Litigation Coordinator**

   (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) [×] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) [ ] **(physical address unknown)** a person of at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

Page 1 of 2

POS-010 [Rev. January 1, 2007]          **PROOF OF SERVICE OF SUMMONS**

Invoice # 8414918-03

| PLAINTIFF/PETITIONER: | RONNIE D. MIXON | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | STATE OF CALIFORNIA, A CALIFORNIA PUBLIC ENTITY | CVRI2304360 |

(4)  ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:
   *on:*      from:      **or** ☒ a declaration of mailing is attached.

(5)  ☐  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on:                                      (2) from:

   (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

   (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d.  ☐  **by other means** *(specify means of service and authorizing code section):*

   ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
   a.  ☐  as an individual defendant.
   b.  ☐  as the person sued under the fictitious name of *(specify):*
   c.  ☐  as occupant.
   d.  ☒  On behalf of *(specify):* **California Rehabilitation Center, a California public entity**
       under the following Code of Civil Procedure section:

   | | |
   |---|---|
   | ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
   | ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
   | ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
   | ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
   | ☒ 416.50 (public entity) | ☐ 415.46 (occupant) |
   | | ☐ other: |

7.  **Person who served papers**
   a.  Name: **Nick Shows**
   b.  Address: **455 W. La Cadena Suite 17, Riverside, CA 92501**
   c.  Telephone number: **951-369-8369**
   d.  **The fee** for service was: **$119.25**
   e.  I am:
      (1)  ☐  not a registered California process server.
      (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
      (3)  ☒  a registered California process server:
         (i)  ☐ owner  ☐ employee  ☒ independent contractor.
         (ii)  Registration No.: **2834**
         (iii)  County: **Orange**

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**JJ JANNEY & JANNEY**
LEGAL SUPPORT SERVICE

▶

**Nick Shows**                    Date: **10/25/2023**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address)<br><br>**Randy H. McMurray SBN 126888**<br>**McMURRAY HENRIKS LLP**<br>**811 Wilshire Blvd, Suite 1640**<br>**Los Angeles, CA 90017**<br>ATTORNEY FOR   **Plaintiff** | TELEPHONE NUMBER<br><br>**(323) 931-6200** | FOR COURT USE ONLY |
|---|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE - CENTRAL (EFILING)<br>4050 Main St.<br>Riverside, CA 92501 | | |
| SHORT TITLE OF CASE:<br>MIXON vs STATE OF CALIFORNIA, A CALIFORNIA PUBLIC ENTITY | | |
| DATE:                TIME:                DEP./DIV. | | CASE NUMBER:<br>CVRI2304360 |
| **Proof of Service by Mail** | | Ref. No. or File No:<br>MIXON |

I am at least 18 years of age, not a party to this action, and I am a resident of or employed in the county where the mailing took place.

On **10/24/2023**  I served the following document(s):

*Summons; Complaint; Civil Case Cover Sheet; Notice of Case Management Conference; Certificate of Counsel; Notice of Department Assignment; ADR Package*

on the person or entity listed below in accordance with CCP§415.20(a), CCP§415.20(b) or CCP§415.95(a) by placing a true copy thereof in a sealed envelope with postage fully pre-paid for First Class mail with the United States Postal Service.

Mailed from: **Riverside**, California addressed as follows:

**California Rehabilitation Center, a California public entity**
**Fifth St  Norco, CA 92860**

Person completing service:

  a. Name: **Jennifer Wallin**
  b. Address: **455 W. La Cadena Suite 17, Riverside, CA 92501**
  c. Telephone number: **951-369-8369**
  d. **The fee** for this service was: **119.25**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



_____
**Jennifer Wallin**                    Date: **10/24/2023**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| **Randy H. McMurray SBN 126888**<br>**McMURRAY HENRIKS LLP**<br>**811 Wilshire Blvd, Suite 1640**<br>**Los Angeles, CA 90017**<br>TELEPHONE NO.:**(323) 931-6200**     FAX NO. *(Optional)*:<br><br>E-MAIL ADDRESS *(Optional)*: **rmcmurray@law-mh.com**<br>ATTORNEY FOR *(Name)*:     **Plaintiff** | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE - CENTRAL (EFILING)**
STREET ADDRESS: 4050 Main St.
MAILING ADDRESS: 4050 Main St.
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME: SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE - CENTRAL (EFILING)

| | |
|---|---|
| PLAINTIFF/PETITIONER: RONNIE D. MIXON<br>DEFENDANT/RESPONDENT: STATE OF CALIFORNIA, A CALIFORNIA PUBLIC ENTITY | CASE NUMBER: CVRI2304360<br>~~CVRI2304360~~ |
| **PROOF OF SERVICE SUMMONS** | Ref. No. or File No.:<br>MIXON |

(Separate proof of service is required for each party served.)

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of: **Summons; Complaint; Civil Case Cover Sheet; Notice of Case Management Conference; Certificate of Counsel; Notice of Department Assignment; ADR Package**

3.  a. Party served *(specify name of party as shown on documents served)*: **Correctional Officer Villegas, an individual**

4.  Address where the party was served: **Fifth St Norco, CA 92860**

5.  I served the party *(check proper box)*

    b. ☒ **by substituted service. On:** **10/27/2023** at: **10:25 AM** I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
    **David Provine  (Gender: M Age: 60 Height: 6'0 Weight: 185 Race: Caucasian  Hair: Gray  Other: Blue Eyes And A Mustache )**
    **Litigation Coordinator**

    (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

    (2) ☒ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

    (3) ☐ **(physical address unknown)** a person of at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

    (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:
    **or** ☒ a declaration of mailing is attached.

    (5) ☒ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**Page 1 of 2**

| | |
|---|---|
| PLAINTIFF/PETITIONER:     RONNIE D. MIXON<br>DEFENDANT/RESPONDENT:     STATE OF CALIFORNIA, A CALIFORNIA PUBLIC ENTITY | CASE NUMBER:<br>CVRI2304360 |

6.     The "Notice to the Person Served" (on the summons) was completed as follows:

     a.   ☒   as an individual defendant.

     b.   ☐   as the person sued under the fictitious name of *(specify):*

     c.   ☐   as occupant.

     d.   ☐   On behalf of *(specify):*
                 under the following Code of Civil Procedure section:

         ☐ 416.10 (corporation)                ☐ 415.95 (business organization, form unknown)

         ☐ 416.20 (defunct corporation)        ☐ 416.60 (minor)

         ☐ 416.30 (joint stock                    ☐ 416.70 (ward or conservatee)
                company/association)

         ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)

         ☐ 416.50 (public entity)               ☐ 415.46 (occupant)

                                                  ☐ other:

7.    **Person who served papers**

     a.  Name: **Nick Shows**

     b.  Address: **455 W. La Cadena Suite 17, Riverside, CA 92501**

     c.  Telephone number: **951-369-8369**

     d.  **The fee** for service was: **$94.75**

     e.  I am:

        (1)  ☐  not a registered California process server.

        (2)     exempt from registration under Business and Professions Code section 22350(b).

        (3)  ☒  a registered California process server:

             (i)      ☐ owner    ☐ employee    ☒ independent contractor.

             (ii)    Registration No.: **2834**

             (iii)  County: **Orange**

8.    ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**JJ JANNEY & JANNEY**
**L E G A L   S U P P O R T   S E R V I C E**

▶                                                     

**Nick Shows**             Date: **11/01/2023**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| **Randy H. McMurray SBN 126888**<br>**McMURRAY HENRIKS LLP**<br>**811 Wilshire Blvd, Suite 1640**<br>**Los Angeles, CA 90017**<br>ATTORNEY FOR   **Plaintiff** | **(323) 931-6200** | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE - CENTRAL (EFILING)<br>4050 Main St.<br>Riverside, CA 92501 | |
|---|---|

| SHORT TITLE OF CASE:<br>MIXON vs STATE OF CALIFORNIA, A CALIFORNIA PUBLIC ENTITY | |
|---|---|

| DATE:          TIME:          DEP./DIV. | CASE NUMBER:<br>CVRI2304360 |
|---|---|
| **Declaration of Reasonable Diligence** | Ref. No. or File No:<br>MIXON |

**Person to Serve: Correctional Officer Villegas, an individual**

| Documents<br>Received: | **Summons; Complaint; Civil Case Cover Sheet; Notice of Case Management Conference; Certificate of Counsel;**<br>**Notice of Department Assignment; ADR Package** |
|---|---|

I declare the following attempts were made to effect personal service, no other residence or business address is known to me:

| Oct 18 2023 | 04:03 PM | Fifth St, Norco, CA 92860; The subject is not in at business address. Per security guard at the front gates states that the litigation coordinator is not in at this time he is the only person who could come down to accept. |
|---|---|---|
| Oct 20 2023 | 01:30 PM | Fifth St, Norco, CA 92860; The subject is not in at business address. Per David Provine states that there is multiple officers with these same last names there was no first name or badge numbers provided, before he can accept on behalf of them he need to know what specific "Officer Hernandez" and "Officer Villegas" this situation is for. He then also has to get approval from them for him to accept on behalf. |
| Oct 27 2023 | 10:25 AM | Fifth St, Norco, CA 92860; Sub-Served on person apparently in charge |

Person attempting service:
  a. Name: **Nick Shows**
  b. Address: **455 W. La Cadena Suite 17, Riverside, CA 92501**
  c. Telephone number: **951-369-8369**
  d. The fee for this service was: 94.75
  e. I am:
     [X] a Registered California Process Server:
        (i) [X] Independent Contractor
        (ii) Registration No. 2834
        (iii) County:  Orange

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



| **Nick Shows** | Date: **11/01/2023** |
|---|---|

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| **Randy H. McMurray SBN 126888**<br>**McMURRAY HENRIKS LLP**<br>**811 Wilshire Blvd, Suite 1640**<br>**Los Angeles, CA 90017**<br>ATTORNEY FOR **Plaintiff** | **(323) 931-6200** | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE - CENTRAL (EFILING)<br>4050 Main St.<br>Riverside, CA 92501 | |
|---|---|

| SHORT TITLE OF CASE:<br>MIXON vs STATE OF CALIFORNIA, A CALIFORNIA PUBLIC ENTITY | |
|---|---|

| DATE:            TIME:            DEP./DIV. | CASE NUMBER:<br>CVRI2304360 |
|---|---|
| **Proof of Service by Mail** | Ref. No. or File No:<br>MIXON |

I am at least 18 years of age, not a party to this action, and I am a resident of or employed in the county where the mailing took place.

On **10/30/2023**  I served the following document(s):

*Summons; Complaint; Civil Case Cover Sheet; Notice of Case Management Conference; Certificate of Counsel; Notice of Department Assignment; ADR Package*

on the person or entity listed below in accordance with CCP§415.20(a), CCP§415.20(b) or CCP§415.95(a) by placing a true copy thereof in a sealed envelope with postage fully pre-paid for First Class mail with the United States Postal Service.

Mailed from: **Riverside**, California addressed as follows:

**Correctional Officer Villegas, an individual**
**Fifth St  Norco, CA 92860**

Person completing service:

    a. Name: **Jennifer Wallin**
    b. Address: **455 W. La Cadena Suite 17, Riverside, CA 92501**
    c. Telephone number: **951-369-8369**
    d. **The fee** for this service was: **94.75**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



_____
**Jennifer Wallin**                    Date: **10/30/2023**

Case 5:23-cv-02345-HDV-DTB Document 1 Filed 11/16/23 Page 53 of 69 Page ID #:53
Electronically Filed Superior Court of California, County of Riverside on 10/30/2023 2:38 PM
Case Number CVRI2304360 0000074726809 - Jason B. Galkin, Executive Officer/Clerk of the Court By Brigit Prado, Clerk

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |

**Randy H. McMurray SBN 126888**
**McMURRAY HENRIKS LLP**
**811 Wilshire Blvd, Suite 1640**
**Los Angeles, CA 90017**
                        FAX NO. *(Optional):*
TELEPHONE NO.:**(323) 931-6200**

  E-MAIL ADDRESS *(Optional):* **rmcmurray@law-mh.com**
ATTORNEY FOR *(Name):*   **Plaintiff**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE - CENTRAL (EFILING)**
  STREET ADDRESS: 4050 Main St.
  MAILING ADDRESS: 4050 Main St.
  CITY AND ZIP CODE: Riverside, CA 92501
  BRANCH NAME: SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE -
                     CENTRAL (EFILING)

| | |
|---|---|
| PLAINTIFF/PETITIONER: RONNIE D. MIXON | CASE NUMBER: CVRI2304360 |
| DEFENDANT/RESPONDENT: STATE OF CALIFORNIA, A CALIFORNIA PUBLIC ENTITY | ~~CVRI2304360~~ |

| | |
|---|---|
| **PROOF OF SERVICE SUMMONS** | Ref. No. or File No.:<br>MIXON |

(Separate proof of service is required for each party served.)

1.   At the time of service I was at least 18 years of age and not a party to this action.

2.   I served copies of: **Summons; Complaint; Civil Case Cover Sheet; Notice of Case Management Conference; Certificate of Counsel; Notice of Department Assignment; ADR Package**

3.   a. Party served *(specify name of party as shown on documents served):* **Correctional Officer M. Marlatt, an individual**

4.   Address where the party was served: ***Fifth St Norco, CA 92860***

5.   I served the party *(check proper box)*

    b.  [**✗**]  **by substituted service. On:** **10/27/2023** at: **10:25 AM** I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*
        **David Provine  (Gender: M Age: 60 Height: 6'0 Weight: 185 Race: Caucasian  Hair: Gray  Other: Blue Eyes And a Mustache )**
        **Litigation Coordinator**

        (1)  [  ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2)  [**✗**]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3)  [  ]  **(physical address unknown)** a person of at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

        (4)  [  ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:
                **or** [**✗**] a declaration of mailing is attached.

        (5)  [**✗**]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**Page 1 of 2**

| PLAINTIFF/PETITIONER: | RONNIE D. MIXON | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | STATE OF CALIFORNIA, A CALIFORNIA PUBLIC ENTITY | CVRI2304360 |

6.    The "Notice to the Person Served" (on the summons) was completed as follows:

a.  [ x ]  as an individual defendant.

b.  [ ]  as the person sued under the fictitious name of *(specify):*

c.  [ ]  as occupant.

d.  [ ]  On behalf of *(specify):*
          under the following Code of Civil Procedure section:

[ ]  416.10 (corporation)                [ ]  415.95 (business organization, form unknown)

[ ]  416.20 (defunct corporation)        [ ]  416.60 (minor)

[ ]  416.30 (joint stock                 [ ]  416.70 (ward or conservatee)
          company/association)

[ ]  416.40 (association or partnership) [ ]  416.90 (authorized person)

[ ]  416.50 (public entity)              [ ]  415.46 (occupant)

                                         [ ]  other:

7.  **Person who served papers**
    a.  Name: **Nick Shows**
    b.  Address: **455 W. La Cadena Suite 17, Riverside, CA 92501**
    c.  Telephone number: **951-369-8369**
    d.  **The fee** for service was: **$94.75**
    e.  I am:
        (1)  [ ]  not a registered California process server.
        (2)       exempt from registration under Business and Professions Code section 22350(b).
        (3)  [ x ]  a registered California process server:
             (i)         owner    [ ]  employee    [ x ]  independent contractor.
             (ii)    Registration No.: **2834**
             (iii)   County: **Orange**

8.  [ x ]  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**JJ JANNEY & JANNEY**
L E G A L   S U P P O R T   S E R V I C E

▶

**Nick Shows**                    Date: **11/01/2023**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| **Randy H. McMurray SBN 126888**<br>**McMURRAY HENRIKS LLP**<br>**811 Wilshire Blvd, Suite 1640**<br>**Los Angeles, CA 90017**<br>ATTORNEY FOR  **Plaintiff** | **(323) 931-6200** | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE - CENTRAL (EFILING)<br>4050 Main St.<br>Riverside, CA 92501 | |
|---|---|

| SHORT TITLE OF CASE:<br>MIXON vs STATE OF CALIFORNIA, A CALIFORNIA PUBLIC ENTITY | |
|---|---|

| DATE:          TIME:          DEP./DIV. | CASE NUMBER:<br>CVRI2304360 |
|---|---|
| **Declaration of Reasonable Diligence** | Ref. No. or File No:<br>MIXON |

Person to Serve: **Correctional Officer M. Marlatt, an individual**

Documents
Received:   **Summons; Complaint; Civil Case Cover Sheet; Notice of Case Management Conference; Certificate of Counsel;
Notice of Department Assignment; ADR Package**

I declare the following attempts were made to effect personal service, no other residence or business address is known to me:

| | | |
|---|---|---|
| **Oct 18 2023** | **04:03 PM** | Fifth St, Norco, CA 92860; The subject is not in at business address. Per security guard at the front gates states that the litigation coordinator is not in at this time he is the only person who could come down to accept. |
| **Oct 20 2023** | **01:30 PM** | Fifth St, Norco, CA 92860; The subjects are not in at business address.<br>Per David Provine states that this officer is out on medical leave, he also said he can not accept on behalf of him unless her gets his permission to do so. |
| **Oct 27 2023** | **10:25 AM** | Fifth St, Norco, CA 92860; Sub-Served on person apparently in charge |

Person attempting service:
  a. Name: **Nick Shows**
  b. Address: **455 W. La Cadena Suite 17, Riverside, CA 92501**
  c. Telephone number: **951-369-8369**
  d. The fee for this service was: 94.75
  e. I am :
    [X] a Registered California Process Server:
      (i) [X] Independent Contractor
      (ii) Registration No. 2834
      (iii) County:  Orange

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



_____          _____
**Nick Shows**                                    Date: **11/01/2023**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| **Randy H. McMurray SBN 126888**<br>**McMURRAY HENRIKS LLP**<br>**811 Wilshire Blvd, Suite 1640**<br>**Los Angeles, CA 90017**<br>ATTORNEY FOR   **Plaintiff** | **(323) 931-6200** | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE - CENTRAL (EFILING)<br>4050 Main St.<br>Riverside, CA 92501 | |
|---|---|

| SHORT TITLE OF CASE:<br>MIXON vs STATE OF CALIFORNIA, A CALIFORNIA PUBLIC ENTITY | |
|---|---|

| DATE:          TIME:          DEP./DIV. | CASE NUMBER:<br>CVRI2304360 |
|---|---|
| **Proof of Service by Mail** | Ref. No. or File No:<br>MIXON |

I am at least 18 years of age, not a party to this action, and I am a resident of or employed in the county where the mailing took place.

On **10/30/2023**  I served the following document(s):

***Summons; Complaint; Civil Case Cover Sheet; Notice of Case Management Conference; Certificate of Counsel; Notice of Department Assignment; ADR Package***

on the person or entity listed below in accordance with CCP§415.20(a), CCP§415.20(b) or CCP§415.95(a) by placing a true copy thereof in a sealed envelope with postage fully pre-paid for First Class mail with the United States Postal Service.

Mailed from: **Riverside**, California addressed as follows:

**Correctional Officer M. Marlatt, an individual**
**Fifth St  Norco, CA 92860**

Person completing service:

   a. Name: **Jennifer Wallin**
   b. Address: **455 W. La Cadena Suite 17, Riverside, CA 92501**
   c. Telephone number: **951-369-8369**
   d. **The fee** for this service was: **94.75**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



_____
**Jennifer Wallin**                    Date: **10/30/2023**

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| **Randy H. McMurray SBN 126888**<br>**McMURRAY HENRIKS LLP**<br>**811 Wilshire Blvd, Suite 1640**<br>**Los Angeles, CA 90017**<br>TELEPHONE NO.:**(323) 931-6200**  FAX NO. *(Optional):* | |

E-MAIL ADDRESS *(Optional):* **rmcmurray@law-mh.com**
ATTORNEY FOR *(Name):*  **Plaintiff**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE - CENTRAL (EFILING)**
  STREET ADDRESS: 4050 Main St.
  MAILING ADDRESS: 4050 Main St.
  CITY AND ZIP CODE: Riverside, CA 92501
  BRANCH NAME: SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE - CENTRAL (EFILING)

| PLAINTIFF/PETITIONER: RONNIE D. MIXON<br>DEFENDANT/RESPONDENT: STATE OF CALIFORNIA, A CALIFORNIA PUBLIC ENTITY | CASE NUMBER: CVRI2304360<br><s>CVRI2304360</s> |
|---|---|
| **PROOF OF SERVICE SUMMONS** | Ref. No. or File No.:<br>MIXON |

(Separate proof of service is required for each party served.)

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of: **Summons; Complaint; Civil Case Cover Sheet; Notice of Case Management Conference; Certificate of Counsel; Notice of Department Assignment; ADR Package**

3.  a. Party served *(specify name of party as shown on documents served):* **Correctional Sergeant J. Shafer, an individual**

4.  Address where the party was served: ***Fifth St Norco, CA 92860***

5.  I served the party *(check proper box)*

    b. ☒  **by substituted service. On:** **10/27/2023** at: **10:25 AM** I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*
    **David Provine  (Gender: M Age: 60 Height: 6'0 Weight: 185 Race: Caucasian  Hair: Gray  Other: Blue Eyes And a Mustache )**
    **Litigation Coordinator**

    (1) ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

    (2) ☒  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

    (3) ☐  **(physical address unknown)** a person of at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

    (4) ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:
      **or** ☒ a declaration of mailing is attached.

    (5) ☒  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: | RONNIE D. MIXON | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | STATE OF CALIFORNIA, A CALIFORNIA PUBLIC ENTITY | CVRI2304360 |

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☒ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify):*
   c. ☐ as occupant.
   d. ☐ On behalf of *(specify):*
      under the following Code of Civil Procedure section:

   ☐ 416.10 (corporation)   ☐ 415.95 (business organization, form unknown)
   ☐ 416.20 (defunct corporation)   ☐ 416.60 (minor)
   ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
   ☐ 416.40 (association or partnership)   ☐ 416.90 (authorized person)
   ☐ 416.50 (public entity)   ☐ 415.46 (occupant)
   ☐ other:

7. **Person who served papers**
   a. Name: **Nick Shows**
   b. Address: **455 W. La Cadena Suite 17, Riverside, CA 92501**
   c. Telephone number: **951-369-8369**
   d. **The fee** for service was: **$115.50**
   e. I am:
      (1) ☐ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☒ a registered California process server:
          (i) ☐ owner   ☐ employee   ☒ independent contractor.
          (ii) Registration No.: **2834**
          (iii) County: **Orange**

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

# JJ JANNEY & JANNEY
### L E G A L   S U P P O R T   S E R V I C E

► _____

**Nick Shows**          Date: **11/01/2023**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| **Randy H. McMurray SBN 126888**<br>**McMURRAY HENRIKS LLP**<br>**811 Wilshire Blvd, Suite 1640**<br>**Los Angeles, CA 90017**<br>ATTORNEY FOR   **Plaintiff** | **(323) 931-6200** | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE - CENTRAL (EFILING)<br>4050 Main St.<br>Riverside, CA 92501 | |
|---|---|

| SHORT TITLE OF CASE:<br>MIXON vs STATE OF CALIFORNIA, A CALIFORNIA PUBLIC ENTITY | |
|---|---|

| DATE:                   TIME:                   DEP./DIV. | CASE NUMBER:<br>CVRI2304360 |
|---|---|
| **Declaration of Reasonable Diligence** | Ref. No. or File No:<br>MIXON |

**Person to Serve: Correctional Sergeant J. Shafer, an individual**

Documents
Received:        **Summons; Complaint; Civil Case Cover Sheet; Notice of Case Management Conference; Certificate of Counsel;**
**Notice of Department Assignment; ADR Package**

I declare the following attempts were made to effect personal service, no other residence or business address is known to me:

| Oct 18 2023 | 04:03 PM | Fifth St, Norco, CA 92860; The subject is not in at business address. Per security guard at the front gates states that the litigation coordinator is not in at this time he is the only person who could come down to accept. |
|---|---|---|
| Oct 20 2023 | 01:30 PM | Fifth St, Norco, CA 92860; The subject is no longer at this business address. |
| Oct 27 2023 | 10:25 AM | Fifth St, Norco, CA 92860; Sub-Served on person apparently in charge |

Person attempting service:
  a. Name: **Nick Shows**
  b. Address: **455 W. La Cadena Suite 17, Riverside, CA 92501**
  c. Telephone number: **951-369-8369**
  d. The fee for this service was: 115.50
  e. I am:
    [X] a Registered California Process Server:
      (i) [X] Independent Contractor
      (ii) Registration No. 2834
      (iii) County:  Orange

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



                                  **Nick Shows**             Date: **11/01/2023**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| **Randy H. McMurray SBN 126888**<br>**McMURRAY HENRIKS LLP**<br>**811 Wilshire Blvd, Suite 1640**<br>**Los Angeles, CA 90017**<br>ATTORNEY FOR   **Plaintiff** | **(323) 931-6200** | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE - CENTRAL (EFILING)<br>4050 Main St.<br>Riverside, CA 92501 | |
|---|---|

| SHORT TITLE OF CASE:<br>MIXON vs STATE OF CALIFORNIA, A CALIFORNIA PUBLIC ENTITY | |
|---|---|

| DATE:              TIME:              DEP./DIV. | CASE NUMBER:<br>CVRI2304360 |
|---|---|

| **Proof of Service by Mail** | Ref. No. or File No:<br>MIXON |
|---|---|

I am at least 18 years of age, not a party to this action, and I am a resident of or employed in the county where the mailing took place.

On **10/30/2023**  I served the following document(s):

*Summons; Complaint; Civil Case Cover Sheet; Notice of Case Management Conference; Certificate of Counsel; Notice of Department Assignment; ADR Package*

on the person or entity listed below in accordance with CCP§415.20(a), CCP§415.20(b) or CCP§415.95(a) by placing a true copy thereof in a sealed envelope with postage fully pre-paid for First Class mail with the United States Postal Service.

Mailed from: **Riverside**, California addressed as follows:

**Correctional Sergeant J. Shafer, an individual**
**Fifth St  Norco, CA 92860**

Person completing service:

a. Name: **Jennifer Wallin**
b. Address: **455 W. La Cadena Suite 17, Riverside, CA 92501**
c. Telephone number: **951-369-8369**
d. **The fee** for this service was: **115.50**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



_____
**Jennifer Wallin**                    Date: **11/01/2023**

Case 5:23-cv-02345-HDV-DTB Document 1 Filed 11/16/23 Page 61 of 69 Page ID #:61

Electronically FILED by Superior Court of California, County of Riverside on 11/06/2023 12:55 PM
Case Number CVRI2304360 0000074726809 - Jason B. Galkin, Executive Officer/Clerk of the Court By Brigit Prado, Clerk

**POS-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):<br>**Randy H. McMurray SBN 126888**<br>**McMURRAY HENRIKS LLP**<br>**811 Wilshire Blvd, Suite 1640**<br>**Los Angeles, CA 90017**<br>TELEPHONE NO.:**(323) 931-6200**<br><br>E-MAIL ADDRESS (Optional): **rmcmurray@law-mh.com**<br>ATTORNEY FOR (Name): **Plaintiff** | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE - CENTRAL (EFILING)**
STREET ADDRESS: 4050 Main St.
MAILING ADDRESS: 4050 Main St.
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME: SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE - CENTRAL (EFILING)

| | |
|---|---|
| PLAINTIFF/PETITIONER: RONNIE D. MIXON<br><br>DEFENDANT/RESPONDENT: STATE OF CALIFORNIA, A CALIFORNIA PUBLIC ENTITY | CASE NUMBER: CVRI2304360<br>~~CVRI2304360~~ |
| **PROOF OF SERVICE SUMMONS** | Ref. No. or File No.:<br>MIXON |

(Separate proof of service is required for each party served.)

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of: **Summons; Complaint; Civil Case Cover Sheet; Notice of Case Management Conference; Certificate of Counsel; Notice of Department Assignment; ADR Package**

3. a. Party served (specify name of party as shown on documents served): **Correctional Officer M. Marlatt, an individual**

4. Address where the party was served: **Fifth St Norco, CA 92860**

5. I served the party (check proper box)

   b. [X] **by substituted service.** On: **10/27/2023** at: **10:25 AM** I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3):
   **David Provine (Gender: M Age: 60 Height: 6'0 Weight: 185 Race: Caucasian Hair: Gray Other: Blue Eyes And a Mustache )**
   **Litigation Coordinator**

   (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) [X] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) [ ] **(physical address unknown)** a person of at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:
   **or** [X] a declaration of mailing is attached.

   (5) [X] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**Page 1 of 2**

**PROOF OF SERVICE OF SUMMONS**

| | |
|---|---|
| PLAINTIFF/PETITIONER:     RONNIE D. MIXON<br>DEFENDANT/RESPONDENT:     STATE OF CALIFORNIA, A CALIFORNIA PUBLIC ENTITY | CASE NUMBER:<br>CVRI2304360 |

6.    The "Notice to the Person Served" (on the summons) was completed as follows:

    a.   [×]   as an individual defendant.

    b.   [ ]   as the person sued under the fictitious name of *(specify):*

    c.   [ ]   as occupant.

    d.   [ ]   On behalf of *(specify):*
       under the following Code of Civil Procedure section:

       [ ] 416.10 (corporation)           [ ] 415.95 (business organization, form unknown)

       [ ] 416.20 (defunct corporation)       [ ] 416.60 (minor)

       [ ] 416.30 (joint stock company/association)     [ ] 416.70 (ward or conservatee)

       [ ] 416.40 (association or partnership)     [ ] 416.90 (authorized person)

       [ ] 416.50 (public entity)            [ ] 415.46 (occupant)

                                       [ ] other:

7.   **Person who served papers**
    a.   Name: **Nick Shows**
    b.   Address: **455 W. La Cadena Suite 17, Riverside, CA 92501**
    c.   Telephone number: **951-369-8369**
    d.   **The fee** for service was: **$94.75**
    e.   I am:

       (1)   [ ]   not a registered California process server.

       (2)      exempt from registration under Business and Professions Code section 22350(b).

       (3)   [×]   a registered California process server:

            (i)      [ ] owner    [ ] employee    [×] independent contractor.

            (ii)    Registration No.: **2834**

            (iii)   County: **Orange**

8.   [×]   **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**J·J JANNEY & JANNEY**
**LEGAL SUPPORT SERVICE**

▶                                *(signature)*

**Nick Shows**           Date: **11/01/2023**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| **Randy H. McMurray SBN 126888**<br>**McMURRAY HENRIKS LLP**<br>**811 Wilshire Blvd, Suite 1640**<br>**Los Angeles, CA 90017**<br>ATTORNEY FOR   **Plaintiff** | **(323) 931-6200** | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE - CENTRAL (EFILING)<br>4050 Main St.<br>Riverside, CA 92501 | |
|---|---|

| SHORT TITLE OF CASE:<br>MIXON vs STATE OF CALIFORNIA, A CALIFORNIA PUBLIC ENTITY | |
|---|---|

| DATE:           TIME:           DEP./DIV. | CASE NUMBER:<br>CVRI2304360 |
|---|---|
| **Declaration of Reasonable Diligence** | Ref. No. or File No:<br>MIXON |

Person to Serve: **Correctional Officer M. Marlatt, an individual**

Documents
Received:          **Summons; Complaint; Civil Case Cover Sheet; Notice of Case Management Conference; Certificate of Counsel;**
**Notice of Department Assignment; ADR Package**

I declare the following attempts were made to effect personal service, no other residence or business address is known to me:

| | | |
|---|---|---|
| **Oct 18 2023** | **04:03 PM** | Fifth St, Norco, CA 92860; The subject is not in at business address. Per security guard at the front gates states that the litigation coordinator is not in at this time he is the only person who could come down to accept. |
| **Oct 20 2023** | **01:30 PM** | Fifth St, Norco, CA 92860; The subjects are not in at business address.<br>Per David Provine states that this officer is out on medical leave, he also said he can not accept on behalf of him unless her gets his permission to do so. |
| **Oct 27 2023** | **10:25 AM** | Fifth St, Norco, CA 92860; Sub-Served on person apparently in charge |

Person attempting service:
   a. Name: **Nick Shows**
   b. Address: **455 W. La Cadena Suite 17, Riverside, CA 92501**
   c. Telephone number: **951-369-8369**
   d. The fee for this service was: 94.75
   e. I am :
     [X] a Registered California Process Server:
      (i) [X] Independent Contractor
      (ii) Registration No. 2834
      (iii) County:  Orange

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



                                 **Nick Shows**               Date: **11/01/2023**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| **Randy H. McMurray SBN 126888**<br>**McMURRAY HENRIKS LLP**<br>**811 Wilshire Blvd, Suite 1640**<br>**Los Angeles, CA 90017**<br>ATTORNEY FOR   **Plaintiff** | **(323) 931-6200** | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE - CENTRAL (EFILING)<br>4050 Main St.<br>Riverside, CA 92501 | |
|---|---|

| SHORT TITLE OF CASE:<br>MIXON vs STATE OF CALIFORNIA, A CALIFORNIA PUBLIC ENTITY | |
|---|---|

| DATE:          TIME:          DEP./DIV. | CASE NUMBER:<br>CVRI2304360 |
|---|---|
| **Proof of Service by Mail** | Ref. No. or File No:<br>MIXON |

I am at least 18 years of age, not a party to this action, and I am a resident of or employed in the county where the mailing took place.

On **10/30/2023**  I served the following document(s):

***Summons; Complaint; Civil Case Cover Sheet; Notice of Case Management Conference; Certificate of Counsel; Notice of Department Assignment; ADR Package***

on the person or entity listed below in accordance with CCP§415.20(a), CCP§415.20(b) or CCP§415.95(a) by placing a true copy thereof in a sealed envelope with postage fully pre-paid for First Class mail with the United States Postal Service.

Mailed from: **Riverside**, California addressed as follows:

**Correctional Officer M. Marlatt, an individual**
**Fifth St  Norco, CA 92860**

Person completing service:

   a. Name: **Jennifer Wallin**
   b. Address: **455 W. La Cadena Suite 17, Riverside, CA 92501**
   c. Telephone number: **951-369-8369**
   d. **The fee** for this service was: **94.75**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



_____
**Jennifer Wallin**          Date: **10/30/2023**

# 1d.Exhibit C

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:** CVRI2304360

**Case Name:** MIXON vs STATE OF CALIFORNIA, A CALIFORNIA PUBLIC ENTITY

YANA GAYANE HENRIKS
811 WILSHIRE BOULEVARD SUITE 1640
Los Angeles, CA 90017

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 02/20/2024 | 8:30 AM | Department 10 |
| Location of Hearing: | | |
| 4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case. CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases. Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing. Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-888-5460 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak. It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)

|  | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 08/22/2023

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: *Joanne Bishop*
J. Bishop, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# **SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**   CVRI2304360

**Case Name:**   MIXON vs STATE OF CALIFORNIA, A CALIFORNIA PUBLIC ENTITY

## **NOTICE OF DEPARTMENT ASSIGNMENT**

The above entitled case is assigned to the Honorable Christopher B. Harmon in Department 10 for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316). Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml. If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing. If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.



Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.



Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.)

Dated: 08/22/2023

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: Joanne Bishop

J. Bishop, Deputy Clerk

CI-NODACV
(Rev. 02/16/21)

## CERTIFICATE OF SERVICE

Case Name: __Ronnie D. Mixon v. State of California, et al.__   No. __5:23-cv-2345__

I hereby certify that on __November 16, 2023__, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

## NOTICE OF REMOVAL OF ACTION (28 U.S.C. § 1441(a), (c))

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on __November 16, 2023__, at Baldwin Park, California.

| J. Garcia | /s/ J. García |
|---|---|
| Declarant for eFiling | Signature |

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users.  On __November 16, 2023__, the foregoing document(s) have been mailed in the Office of the Attorney General's internal mail system, by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Yana G. Henriks, Esq.
McMurray Henriks, LLP
811 Wilshire Blvd., Suite 1640
Los Angeles, CA  90017
*Attorney to Plaintiff, Ronnie D. Mixon*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on __November 16, 2023__, at Los Angeles, California.

| R. Busuego | |
|---|---|
| Declarant for Service by U.S. Mail | Signature |

LA2023402393 / 66383157.docx